UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAPRECE BYRD, et al.,

              Plaintiffs,                        Case No. 17-cv-12626
                                                     Hon. Matthew F. Leitman
v.

VISALUS, INC., et al.,

              Defendants.
_____/

**ORDER REQUIRING THE PARTIES TO SUBMIT
SUPPLEMENTAL BRIEFS**

Currently before the Court is a motion to dismiss Plaintiffs' First Amended Complaint filed by Defendants ViSalus, Inc., Nick Sarnicola, Ashley Sarnicola, Blake Mallen, Ryan Blair, Todd Goergen, Gary Reynolds, and Michael Craig (collectively, the "ViSalus Defendants"). (*See* ECF #39.)  In the motion, the ViSalus Defendants argued that Plaintiffs' failed to state cognizable securities-law claims because, among other things, Plaintiffs did not sufficiently allege that there was a "purchase" or "sale" of a security. (*Id.* at Pg. ID 663-65.)  In the initial round of briefing on this point, the ViSalus Defendants primarily relied on one case – *Chadbourne & Parke LLP v. Troice*, 134 S.Ct. 1058 (2014).  And Plaintiffs did not cite any authority addressing the definition of "purchase" or "sale" in their response brief. (*See* Resp. to Mot. to Dismiss, ECF #42 at Pg. ID 704-06.)

The Court has conducted some additional research that has revealed the following:

- In *In re: American Continental Corporation/Lincoln Savings and Loan Securities Litigation*, 49 F.3d 541 (9th Cir. 1995), the Ninth Circuit Court of Appeals said that:

  o "Courts have generally recognized that [the] purchase and sale requirement should be read flexibly in order to effect the securities laws' remedial purposes." *Id.* at 543.

  o "Courts have generally looked to the substance of the transaction rather than to its form in determining whether a purchase and sale has occurred." *Id.*

  o "[C]ourts interpreting the purchase and sale requirement [in the securities' laws] have generally been guided by the principle that the anti-fraud goals of [those laws] should not be frustrated by the presence of novel or atypical transactions." *Id.* at 544 (internal punctuation omitted).

- In *Watts v. Des Moines Register and Tribune*, 525 F. Supp. 1311 (S.D. Iowa 1981), the United States District Court for the Southern District of Iowa said that:

  o When determining whether a "purchase" or "sale" has occurred under Section 10(b) and Rule 10b-5, courts may "employ the economic reality test" to determine the "economic reality of the transaction." *Id.* at 1319.

- When applying the economic reality test in this context, courts "must keep in mind that a purchase or sale must be defined broadly in order to fulfill the purposes of the [securities' laws] and may in some cases encompass transactions that bear little resemblance to conventional purchases and sales." *Id.* (internal citation omitted).

- At least some dictionaries define the word "purchase" as meaning, among other things, "to acquire by effort, sacrifice, flattery, etc."[1] and "to obtain by labor, danger, or sacrifice."[2]

The Court would benefit from supplemental briefing with respect to (1) the meaning of the terms "purchase" and "sale" as used in the securities laws at issue in the motion to dismiss and (2) whether Plaintiffs have sufficiently alleged a "purchase" and/or "sale" in the First Amended Complaint. The parties shall address the authorities referenced above and any additional authorities that they believe (1) shed light on the meaning of "purchase" and/or "sale" as used in the securities laws at issue and/or (2) are relevant to the issue of whether Plaintiffs' "purchase" and/or "sale" allegations are sufficient. The supplemental briefs shall not exceed ten (10) pages and shall be filed by no later than **Friday, March 2, 2018**.

---

[1] *See* http://www.dictionary.com/browse/purchase.

[2] *See* https://www.merriam-webster.com/dictionary/purchase.

**IT IS SO ORDERED**.

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  February 22, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 22, 2018, by electronic means and/or ordinary mail.

s/Amanda Chubb for Holly A. Monda
Case Manager
(313) 234-2644