UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CAPRECE BYRD, BRYANT WATTS, RENAE WHITE, LAURA HERL, DR. FRANK McWHORTER, ERIC J. HARRIS, SR., and CONNIE BATES, individually, and on behalf of all others similarly situated, | Case No. 4:17-cv-12626-MFL-DRG |
| Plaintiffs, | Hon. Matthew F. Leitman |
| v. | |
| VISALUS, INC., NICK SARNICOLA, ASHLEY SARNICOLA, BLAKE MALLEN, RYAN BLAIR, TODD GOERGEN, GARY J. REYNOLDS, VINCENT OWENS, KEVIN MERRIWEATHER, and MICHAEL CRAIG, | |
| Defendants. | |

## VISALUS DEFENDANTS' PARTIAL MOTION TO DISMISS SECOND AMENDED COMPLAINT

Defendants ViSalus, Inc., Nick Sarnicola, Ashley Sarnicola, Blake Mallen, Ryan Blair, Todd Goergen ("Goergen"), Gary J. Reynolds ("Reynolds"), Kevin Merriweather ("Merriweather"), and Michael Craig ("Craig") (collectively, the "ViSalus Defendants") hereby file this Partial Motion to Dismiss Plaintiffs' Second Amended Complaint ("SAC," Dkt. 54) pursuant to Federal Rule of Civil Procedure 12(b)(6).

Pursuant to Local Rule 7.1, undersigned counsel notified Plaintiffs' counsel of the grounds for moving to dismiss the claims in the SAC via email on June 5,

2018.  That email went unanswered.

Dated: June 8, 2018

Respectfully submitted,

HONIGMAN MILLER SCHWARTZ AND COHN LLP

/s/Nicholas B. Gorga
Nicholas B. Gorga (P72297)
Andrew W. Clark (P79165)
660 Woodward Avenue
2290 First National Building
Detroit, MI  48226-3506
Telephone Number: (313) 465-7640
Fax Number: (313) 465-7641
ngorga@honigman.com
aclark@honigman.com

and

QUARLES & BRADY LLP

Kevin D. Quigley (AZ Bar #015972)
Edward A. Salanga (AZ Bar #020654)
Brian A. Howie (AZ Bar #026021)
Michael S. Catlett (AZ Bar #025238)
*All Admitted to Practice in ED MI*
2 North Central Avenue
Renaissance One
Phoenix, AZ 85004
Telephone Number: (602) 229.5200
kevin.quigley@quarles.com
edward.salanga@quarles.com
brian.howie@quarles.com
michael.catlett@quarles.com

*Attorneys for ViSalus Defendants*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CAPRECE BYRD, BRYANT WATTS, RENAE WHITE, LAURA HERL, DR. FRANK McWHORTER, ERIC J. HARRIS, SR., and CONNIE BATES, individually, and on behalf of all others similarly situated, | Case No. 4:17-cv-12626-MFL-DRG |
| Plaintiffs, | Hon. Matthew F. Leitman |
| v. | |
| VISALUS, INC., NICK SARNICOLA, ASHLEY SARNICOLA, BLAKE MALLEN, RYAN BLAIR, TODD GOERGEN, GARY J. REYNOLDS, VINCENT OWENS, KEVIN MERRIWEATHER, and MICHAEL CRAIG, | |
| Defendants. | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF VISALUS DEFENDANTS' PARTIAL MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

The ViSalus Defendants submit this Memorandum of Points and Authorities in support of their Partial Motion to Dismiss the SAC pursuant to Federal Rule of Civil Procedure 12(b)(6).

iii

# **TABLE OF CONTENTS**

TABLE OF CONTENTS.........................................................................................iv

TABLE OF AUTHORITIES ................................................................................v

STATEMENT OF ISSUES PRESENTED.......................................................... vii

CONTROLLING OR MOST APPROPRIATE AUTHORITIES......................... viii

MEMORANDUM OF SUPPORT.........................................................................1

    I.     INTRODUCTION .................................................................................1

    II.    ARGUMENT ........................................................................................3

           A.    Plaintiffs' Scheme Liability Claims Under Rule 10b-5(a)/(c) (Count I) Fail As To All ViSalus Defendants Because Plaintiffs Have Not Pled Separate Fraudulent Acts… .................................................................................3

           B.    Plaintiffs' 10b-5(b) Claim (Count I) Fails As Against Goergen Because Plaintiffs Do Not Plead Specific Misrepresentations or Omissions Made by Goergen, Much Less Reliance Thereon......................................................7

           C.    Plaintiffs' 10b-5 Claim (Count I) Fails As Against Reynolds, Merriweather, And Craig Because Plaintiffs Do Not Plead A Strong Inference Of Scienter...........................8

           D.    Plaintiffs' Section 501 Claim (Count IV) Fails Because There Is No Private Right of Action Under Section 501..........12

           E.    Plaintiffs' Section 509(3) Claim (Count V) Fails As Against All ViSalus Defendants. ..............................................13

           F.    Plaintiffs' Section 509(7) Claim (Count VI) Fails As Against All ViSalus Defendants. ..............................................14

    III.   CONCLUSION ...................................................................................15

CERTIFICATE OF CONFERENCE....................................................................17

CERTIFICATE OF SERVICE ............................................................................17

# TABLE OF AUTHORITIES

**CASES**

*Benzon v. Morgan Stanley Distrib., Inc.*,
  420 F.3d 598 (6th Cir. 2005)........................................................ viii, 3, 4

*Frank v. Dana Corp.*,
  547 F.3d 564 (6th Cir. 2008) .................................................................. 8

*Gilbert Family P'ship v. Nido Corp.*,
  679 F. Supp. 679 (E.D. Mich. 1988) ................................................... 13

*In re Nat'l Century Fin. Enters., Inc. Fin. Inv. Litig.*,
  553 F. Supp. 2d 902 (S.D. Ohio 2008) ....................................... viii, 4, 6

*In re Omnicare, Inc. Sec. Litig.*,
  769 F.3d 455 (6th Cir. 2014)...................................................... viii, 8, 9

*In re Royal Dutch/Shell Transp.*,
  2006 WL 2355402 (D.N.J. Aug. 14, 2006) ........................................... 4

*Kerrigan v. ViSalus, Inc.*,
  112 F. Supp. 3d 580 (E.D. Mich. 2015) ................................................ 6

*Kerrigan v. ViSalus, Inc.*,
  2016 WL 892804 (E.D. Mich. Mar. 9, 2016) ........................... viii, 3, 7, 9

*Kerrigan v. ViSalus, Inc.*,
  2018 WL 534485 (E.D. Mich. Jan. 24, 2018) ....................................... 6

*McCann v. U.S. Bank, N.A.*,
  873 F. Supp. 2d 823 (E.D. Mich. 2012) .............................................. 15

*People v. Wilson*,
  2018 WL 1308285 (Mich. Ct. App. Mar. 13, 2018) ........................... 12

*SEC v. Kelly*,
  817 F. Supp. 2d 340 (S.D.N.Y. 2011) ................................................... 4

*Stoneridge Inv. Partners, LLC v Scientific-Atlanta*,
  128 S. Ct. 761 (2008)....................................................................... 7, 8

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
  551 U.S. 308 (2007).............................................................................. 9

*Yadlosky v. Grant Thornton, L.L.P.*,
  120 F. Supp. 2d 622 (E.D. Mich. 2000)..........................................................viii, 13


## STATUTES

M.C.L. § 451.2501 ...............................................................................vii, viii, 12

M.C.L. § 451.2508 ................................................................................. 12

M.C.L. § 451.2509(3) ......................................................................... vii, 13, 14

M.C.L. § 451.2509(7) ............................................................................ vii, 14

M.C.L. § 451.2509(13) .........................................................................viii, 13


## RULES

Federal Rule of Civil Procedure 12(b)(6) ............................................................i, iii


## REGULATIONS

17 CFR § 240.10b-5................................................................................... 3, 8

## <u>STATEMENT OF ISSUES PRESENTED</u>

1.    Does the SAC state a valid claim under Rule 10b-5(a) & (c) in Count I?

    **ViSalus Defendants' Answer:  No.**

3.    Does the SAC state a valid claim under Rule 10b-5(b) as against Goergen, Reynolds, Merriweather, and Craig in Count I?

    **ViSalus Defendants' Answer:  No.**

4.    Does the SAC state a valid claim under M.C.L. § 451.2501 in Count IV?

    **ViSalus Defendants' Answer:  No.**

5.    Does the SAC state a valid claim under M.C.L. § 451.2509(3) in Count V?

    **ViSalus Defendants' Answer:  No.**

6.    Does the SAC state a valid claim under M.C.L. § 451.2509(7) in Count VI?

    **ViSalus Defendants' Answer:  No.**

7.    Does the SAC state a valid claim for declaratory and injunctive relief as against Reynolds, Merriweather, and Craig in Count VIII?

    **ViSalus Defendants' Answer:  No.**

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITIES</u>

**Regarding pleading requirements for Rule 10b-5(a) and (c) claims**

*Benzon v. Morgan Stanley Distrib., Inc.*,
  420 F.3d 598 (6th Cir. 2005)

*In re Nat'l Century Fin. Enters., Inc. Fin. Inv. Litig.*,
  553 F. Supp. 2d 902 (S.D. Ohio 2008)

*Kerrigan v. ViSalus, Inc.* ("*Kerrigan II*"),
  2016 WL 892804 (E.D. Mich. Mar. 9, 2016)

**Regarding reliance pleading requirements for Rule 10b-5(b) claims**

*Kerrigan v. ViSalus, Inc.* ("*Kerrigan II*"),
  2016 WL 892804 (E.D. Mich. Mar. 9, 2016)

**Regarding scienter pleading requirements for Rule 10b-5 claims**

*In re Omnicare, Inc. Sec. Litig.*,
  769 F.3d 455 (6th Cir. 2014)

**Regarding whether a private cause of action exists under M.C.L. § 451.2501**

M.C.L. § 451.2509(13)

*Yadlosky v. Grant Thornton, L.L.P.*,
  120 F. Supp. 2d 622 (E.D. Mich. 2000)

<u>**MEMORANDUM OF SUPPORT**</u>

**I.   <u>INTRODUCTION.</u>**

ViSalus is a multi-level marketing company that sells weight-loss and other products directly to consumers and through a network of independent promoters. Plaintiffs are independent promoters who assert federal and state securities and conversion claims in connection with the ViSalus "Founders' Equity Incentive Plan" (the "Plan"), which provided ViSalus independent promoters with additional compensation for their product promotion and purchasing activities.  The ViSalus Defendants deny liability as to all of Plaintiffs' claims, but herein treat their factual allegations as true.

Plaintiffs filed their Original Complaint on August 10, 2017 and their First Amended Complaint ("FAC," Dkt. 30) on September 29, 2017.   The ViSalus Defendants moved to dismiss all claims in the FAC.  (Dkt. 39.)  The Court held that Plaintiffs had sufficiently alleged that units in the Plan were stock and that misrepresentations had been made "in connection with the sale" of units in the Plan.[1]  The Court did agree, however, with most of the ViSalus Defendants' other arguments for dismissal.  Relevant here, the Court <u>first</u> held that Plaintiffs' Rule 10b-5(b) claim failed because Plaintiffs did not plead reliance on specific

---

[1] The ViSalus Defendants respectfully disagree with the Court's ruling and maintain their position that units in the Plan are <u>not</u> stock (or any other type of security) and that no misrepresentations or omissions were made "in connection with the sale" of units in the Plan.

misrepresentations or omissions by each ViSalus Defendant, with the exception of one Plaintiffs' claim as against one Individual Defendant and ViSalus.  (Dkt. 53 at 19.)  <u>Second</u>, the Court dismissed Plaintiffs' Rule 10b-5(a)/(c) claims because Plaintiffs did not allege any specific fraudulent acts apart from misstatements and omissions.  (*Id.* at 26.)  <u>Third</u>, the Court held that Plaintiffs' Section 12 and Michigan Uniform Securities Act ("MUSA") corollary claims failed as to all ViSalus Defendants except ViSalus because Plaintiffs did not allege that those Defendants were "statutory sellers."  (*Id.* at 29-30.)  <u>Fourth</u>, the Court dismissed several scattered MUSA claims that Plaintiffs had indiscriminately lumped together—including their secondary liability claim under Section 509(7).  (*Id.* at 33-34 (ordering Plaintiffs not to "lump numerous alleged violations of different statutes and statutory sub-sections in a single count").)

The Court's ruling provided ample guidance to Plaintiffs on how to cure these pleading defects.  (*Id.* at 38.)  Despite that guidance, many of the same deficiencies remain, and even worse, new deficiencies have surfaced.  The ViSalus Defendants therefore move the Court to dismiss the following portions of the SAC with prejudice:  <u>Count I</u> (Rule 10b-5(a)/(c)) as to all ViSalus Defendants; <u>Count I</u> (Rule 10b-5(b)) as to Goergen, Reynolds, Merriweather, and Craig; <u>Count IV</u> (MUSA Section 501) as to all ViSalus Defendants; <u>Count V</u> (MUSA Section 509(3)) as to all ViSalus Defendants; <u>Count VI</u> (MUSA Section 509(7)) as to all

ViSalus Defendants; and Count VIII (Declaratory and Injunctive Relief) as to Reynolds, Merriweather, and Craig.

## II.   ARGUMENT

### A.   Plaintiffs' Scheme Liability Claims Under Rule 10b-5(a)/(c) (Count I) Fail As To All ViSalus Defendants Because Plaintiffs Have Not Pled Separate Fraudulent Acts.

Rule 10b-5(a) and (c) make it illegal "to employ any device, scheme, or artifice to defraud" and "to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security."   17 CFR § 240.10b-5.   "To state a claim based on conduct that violates Rule 10b-5(a) and (c), a plaintiff must allege that a defendant (1) committed a deceptive or manipulative act, (2) with scienter, that (3) the act affected the market for securities or was otherwise in connection with their purchase or sale, and that (4) defendants' actions caused the plaintiffs' injuries." *Kerrigan v. ViSalus*, 2016 WL 892804, at *15 (E.D. Mich. Mar. 9, 2015) ("*Kerrigan II*") (citation omitted).   "[B]ecause scheme liability claims 'sound in fraud,' a plaintiff must also satisfy the pleading requirements of Rule 9(b) by 'specifying what deceptive or manipulative acts were performed, which defendants performed them, when the acts were performed, and what effect the scheme had on investors in the securities at issue.'" *Id.*   "[A] plaintiff must identify an allegedly 'deceptive or manipulative act' by the defendant beyond making a misstatement or omission (which is prohibited under Rule 10b5-(b)). *Id.* (citing *Benzon v. Morgan*

3

*Stanley Distrib., Inc.*, 420 F.3d 598, 610 (6th Cir. 2005) ("Rules 10b-5(a) and (c) encompass conduct beyond disclosure violations.")); *see also In re Nat'l Century Fin. Enters., Inc. Fin. Inv. Litig.*, 553 F. Supp. 2d 902, 909 (S.D. Ohio 2008) (for scheme liability under Rule 10b-5(a)/(c), "a defendant must engage in conduct that is in itself deceptive, not simply engage in non-deceptive conduct that supports an overall deceptive scheme"); *In re Royal Dutch/Shell Transp.*, 2006 WL 2355402, at *8 (D.N.J. Aug. 14, 2006) (alleged conduct must be *separate and apart* from alleged misrepresentations and omissions; otherwise, a plaintiff could end-run the PSLRA pleading requirements); *SEC v. Kelly*, 817 F. Supp. 2d 340, 344 (S.D.N.Y. 2011) ("Scheme liability . . . hinges on the performance of an inherently deceptive act that is distinct from an alleged misstatement.").

The ViSalus Defendants moved to dismiss Plaintiffs' Rule 10b-5(a)/(c) claims in the FAC because the alleged "fraudulent scheme" boils down to, and was executed with, misrepresentations.  In other words, Plaintiffs failed to describe any inherently deceptive <u>conduct</u> that defrauded them.  (Dkt. 39 at 17-79.)  The Court agreed and dismissed the claims, explaining that "Plaintiffs' Rule 10b-5(a) and (c) claims are inextricably linked to the ViSalus Defendants' alleged misstatements about the Plan" and Plaintiffs had "failed to identify a viable fraudulent scheme, apart from a misstatement or omission, that can support liability under Rules 10b-5(a) and (c)."  (Dkt. 53 at 25-26.)  Looking to the Plaintiffs' "Overview of Claims" in the FAC, the Court noted that "Plaintiffs' own description of their claims reveals

that their injuries stemmed from statements and promises that the ViSalus Defendants made, not from a separate course of conduct." (*Id.*)

Nothing has changed in the SAC. Plaintiffs' "Overview of Claims" is exactly the same—except for Paragraph 13, which now describes *more* misrepresentations. (*Compare* FAC ¶ 13 with SAC ¶ 13 (adding allegation that ViSalus issued statements that "intended to convey to the public the messages that ViSalus was a legitimate and valuable company that was making a legitimate offer to sell equity").) The "Overview of Claims" still represents that Plaintiffs' alleged injuries were caused by misrepresentations. (SAC ¶ 13 (alleging that Defendants "touted the 'March to Equity' as an equity that would pay 'generations' worth of dividends," which allegedly "caused [Plaintiffs] to pay significant sums for worthless equity").)

Later in the SAC, Plaintiffs attempt to describe "inherently deceptive and misleading actions" and allege that "each of the Defendants undertook one or more of the following actions in order to create the false appearance that ViSalus and the equity offering were legitimate and valuable"; Plaintiffs then list fourteen bullet points of "actions" that unidentified Defendants undertook, *e.g.*, "[p]ortraying ViSalus as a legitimate business opportunity," "[m]aking it appear as though there was limited time or opportunity to get equity in ViSalus," and "[r]epresenting . . . how much money past distributors had made from ViSalus." (*Id.* ¶ 344.)

Plaintiffs' attempted fix fares no better than the last.  <u>First</u>, Plaintiffs' bullet-point list of actions is simply more impermissible group pleading, in which "each of the Defendants" is alleged to have completed "one or more" of a list of acts. Plaintiffs do not specify *who* engaged in each specific act and *when*, thus failing to satisfy Rule 9(b).  Even if Rule 9(b) did not apply to this claim (it does), this Court has *repeatedly* rejected this sort of group pleading.  *See, e.g.*, *Kerrigan v. ViSalus, Inc.*, 2018 WL 534485, at \*4, 7 n.9 (E.D. Mich. Jan. 24, 2018); *see also Kerrigan v. ViSalus, Inc.*, 112 F. Supp. 3d 580, 600-02 (E.D. Mich. 2015) (explaining that each Defendant is entitled to an individualized analysis of his own liability).

<u>Second</u>, none of the bullet point "actions" amounts to "an inherently deceptive act that is distinct from alleged misconduct."  (Dkt. 53 at 25 (citation omitted).)  Rather, each of the alleged "actions" amounts to a misrepresentation, omission, or "non-deceptive conduct"—none of which supports a Rule 10b-5(a)/(c) claim.  *See In re Nat'l Century*, 553 F. Supp. 2d at 909 (for liability under Rule 10b-5(a)/(c), "a defendant must engage in conduct that is in itself deceptive").

For example, one of the alleged deceptive acts was "taking steps to alter the Founders' contract with Blyth in order to 'buy back' ViSalus stock for $143 million and then 'offer' it to Plaintiffs."  (SAC at p. 219.)  This act was not inherently deceptive.  Nor did it harm Plaintiffs.  <u>First</u>, Plaintiffs do not allege that "alter[ing] the Founders' contract with Blyth" to "buy back" ViSalus affected anyone's rights or interests besides the parties to the contract.  <u>Second</u>, Plaintiffs themselves allege

that the purpose of the "buy back" was to bail out Blyth—not to further fraud.  (*Id.* ¶ 9 ("By 2014, Blyth had no cash to pay off the Founders for the remainder of their stock, even if it had wanted to pay on the terrible deal."); ¶¶ 65-66 ("Blyth could not pay the $143 million obligation and did not want to pay the $143 million obligation.").)  Third, the SAC alleges that the Plan did not yet exist when the "buy back" occurred.  (*Id.* ¶ 10 (alleging the "deal" with Blyth was made in September 2014"); ¶ 83 (alleging the Plan was created in December 2014).)  In reality, the only alleged deception related to the "buy back" that could have possibly injured Plaintiffs is that Defendants later *misrepresented it*.  (*E.g.*, *id.* at p. 233-34.)

Plaintiffs have not alleged that the ViSalus Defendants engaged in any specific act (other than the alleged misrepresentations or omissions) that, standing alone, is inherently deceptive or that deceived or damaged Plaintiffs.  The 10b-5(a)/(c) claims fail as to all ViSalus Defendants and should be dismissed with prejudice.

### B.  Plaintiffs' 10b-5(b) Claim (Count I) Fails As Against Goergen Because Plaintiffs Do Not Plead Specific Misrepresentations or Omissions Made by Goergen, Much Less Reliance Thereon.

"To state a claim under Rule 10b-5(b), 'a plaintiff must plead and prove: (1) a material misrepresentation or omission by the defendant, (2) scienter, (3) a connection between the misrepresentation or omission and the purchase or sale of a security, (4) reliance upon the misrepresentation or omission, and (5) loss causation.'"  *Kerrigan II*, 2016 WL 892804, at *12 (quoting *Stoneridge Inv.*

*Partners, LLC v Scientific-Atlanta, Inc.*, 128 S. Ct. 761 (2008)).  Rule 9(b) further requires the complaint to "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state when and where the statements were made, and (4) explain why the statements were fraudulent."  *Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008).  Finally, the Private Securities Litigation Reform Act ("PSLRA") requires a plaintiff to "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed."  *Id.*

Plaintiffs' Rule 10b-5(b) claims failed in the FAC as to Goergen because Plaintiffs did not identify with particularity <u>any</u> specific statements or omission by Goergen, much less one that was fraudulent and that Plaintiffs relied on.  (*See* Dkt. 39 at 13 n.7.)  Plaintiffs added <u>nothing</u> to support their Rule 10b-5(b) claim against Goergen in the SAC and thus had no basis to re-allege the claim against him.  The Rule 10b-5(b) claim should be dismissed with prejudice as to Goergen.

### C. <u>Plaintiffs' 10b-5 Claim (Count I) Fails As Against Reynolds, Merriweather, And Craig Because Plaintiffs Do Not Plead A Strong Inference Of Scienter.</u>

To state a claim under Rule 10b-5(b), Plaintiffs must "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind."  *In re Omnicare, Inc. Sec. Litig.*, 769 F.3d 455, 473 (6th Cir. 2014).

That is, Plaintiffs must plead "facts showing that the defendants *knowingly*
misrepresented or omitted facts to deceive, manipulate, or defraud the public." *Id.*
at 472 (emphasis added).  To assess the sufficiency of scienter allegations, a court
must (1) "accept all factual allegations in the complaint as true"; (2) "consider the
complaint in its entirety" and decide "whether *all* of the facts alleged, taken
collectively, give rise to strong inference of scienter", not whether any individual
allegation, scrutinized in isolation, meets that standard"; and (3) assuming that the
allegations create a "powerful or cogent" inference of scienter, compare this
inference with other competing possibilities, allowing the complaint to go forward
"only if a reasonable person would deem the inference of scienter cogent and at
least as compelling as any opposing inference one could draw from the facts
alleged." *Id.* at 473 (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S.
308, 322-24 (2007)).  Of course, for Plaintiffs' Rule 10b-5(b) claims, a Defendant's
scienter when making misstatements or omissions is only relevant if Plaintiffs
relied on those statements or omissions.  *Kerrigan II*, 2016 WL 892804, at *12
(listing elements of a claim under Rule 10b-5(b)).

Plaintiffs have failed to allege the required scienter element of their 10b-5(b)
claims as against Defendants Reynolds, Merriweather, and Craig.[2]  Plaintiffs allege

---

[2] To the extent the Court finds that Plaintiffs have pled a Rule 10b-5(a)/(c) claim,
that claim still would fail against Reynolds, Merriweather, and Craig for lack of
scienter.

very few facts about these Defendants generally and no facts supporting their knowledge and intent with respect to making statements about ViSalus and the Plan.

For example, Plaintiffs offer no information whatsoever on Merriweather's background and relationship with ViSalus.[3]  They merely claim that he lives in Florida and "promoted the equity offering."  (SAC ¶ 39.)  Plaintiffs allege that, at a meeting attended by four Plaintiffs, he presented slides that falsely "depicted an unbroken rise in revenues for the company, beginning in 2005 and continuing to the present" and that he falsely "represented that the company was worth billions and that the equity investment opportunity was an 'opportunity of a lifetime.'"  (*Id.* ¶ 298.)  But Plaintiffs include no facts giving rise to a strong inference that Merriweather knew these statements were false and intended to deceive Plaintiffs.  They do not allege that Merriweather was privy to inside information or otherwise explain how or why Merriweather knew the alleged "true" value and nature of the Plan.  Plaintiffs instead allege in conclusory fashion that "Merriweather was aware that in [his appearances at ViSalus training events and meetings] he falsely and misleadingly testified how much money he had made by an earlier equity deal."  (*Id.* ¶ 39.)  In another paragraph, Plaintiffs lump him together with two other Defendants and claim, with no supporting facts, that he "knew the true

---

[3] Plaintiffs added Merriweather as a new Defendant when filing the SAC.

circumstances" of an earlier equity offering and knew that Plaintiffs "were in a vastly different position." (*Id.* at pp. 251-52.) These summary assertions are not enough to establish that Merriweather knowingly and intentionally engaged in fraud regarding the Plan.

Similarly, Plaintiffs provide little information about Reynolds, besides that he resides in Nebraska and "promoted the offering." (*Id.* ¶ 37.) Two Plaintiffs allege they relied on misrepresentations Reynolds made in a "Webinar" regarding the money he made with a previous equity incentive plan. (*Id.* at pp. 71, 85 & ¶¶ 298, 274, 277.) But they do not provide facts supporting that those facts were false or that Reynolds knew those statements were false or misleading. As with Merriweather, Plaintiffs do not describe any special relationship between Reynolds and ViSalus whereby Reynolds was privy to inside information. They do not explain how or why he knew the alleged "truth" about the Plan. Plaintiffs instead just roll Reynolds into their conclusory allegations about Merriweather and Owens. (*Id.* at pp. 251-52.)

Plaintiffs claim that Plaintiff Byrd attended a convention in Kansas City in October 2015, at which Craig allegedly made certain misstatements about the Plan. (*Id.* ¶¶ 296-97.) No factual allegations give rise to a strong inference that Craig knew those specific statements were false and made them with the intent to deceive. It certainly is irrelevant that, <u>four months later</u>, "in early 2016," Craig allegedly "received financial disclosures concerning the company factually

inconsistent with those he to [sic] prospective and actual investors." (*Id.* ¶¶ 35, 75 & at p. 253.)  Knowledge that Craig allegedly obtained <u>after the fact</u> has no bearing on Craig's knowledge and intent at the time the alleged misstatements were made (which is, of course, what matters).  More tellingly, Plaintiffs claim that <u>months before</u> Craig allegedly made the misstatements relied on by Byrd, he participated in a "'Brainstorm' session" with other ViSalus Defendants about the Plan—and advised them that "[e]xtremely clear expectations should be the filter throughout" a certain document (unidentified by Plaintiffs) that presumably described how units in the Plan would be earned and retained.  (*Id.* ¶ 104.)  That allegation affirmatively <u>negates</u> fraudulent intent.

Because the SAC does not allege specific facts showing a strong inference of scienter as to Reynolds, Merriweather, or Craig, Plaintiffs' Rule 10b-5(b) claim should be dismissed as against them, with prejudice.

### D.  <u>Plaintiffs' Section 501 Claim (Count IV) Fails Because There Is No Private Right of Action Under Section 501.</u>

Count IV purports to state a claim under M.C.L. § 451.2501 ("Section 501"). This provision criminalizes securities fraud in Michigan.  *See, e.g.*, *People v. Wilson*, 2018 WL 1308285, at *1 (Mich. Ct. App. Mar. 13, 2018) ("A jury convicted defendant of . . . two counts of securities fraud, MCL 451.2501."). Section 501 is enforceable only in criminal proceedings brought by the "attorney general or the proper prosecuting attorney."  M.C.L. § 451.2508.  It does <u>not</u> create

a private cause of action.  *See* M.C.L. § 451.2509(13) ("The rights and remedies provided by this act are in addition to any other rights or remedies that may exist, but this act does not create a cause of action not specified in this section [509] or section 411(5)."); *see also Yadlosky v. Grant Thornton, L.L.P.*, 120 F. Supp. 2d 622, 633 (E.D. Mich. 2000) (dismissing Section 501 claim in prior, virtually identical, version of MUSA); *Gilbert Family P'ship v. Nido Corp.*, 679 F. Supp. 679, 685 (E.D. Mich. 1988) (same).  Plaintiffs attempted to assert this claim in the FAC, and the ViSalus Defendants raised this same point when moving to dismiss it the first time.  (Dkt. 39 at 3 n.2.)  Count IV should be dismissed with prejudice.

### E.   Plaintiffs' Section 509(3) Claim (Count V) Fails As Against All ViSalus Defendants.

Count IV seeks relief under M.C.L. § 451.2509(3) ("Section 509(3)").  This provision creates a cause of action against a purchaser of a security by the seller. M.C.L. § 451.2509(3) ("A person is liable to the seller if the person buys a security by means of an untrue statement of material fact or omission . . . .")  Any such claim by Plaintiffs unquestionably fails under the facts alleged in the SAC because Plaintiffs do not allege they sold securities to the ViSalus Defendants.  In the Court's order dismissing Plaintiffs' MUSA claims in the FAC, the Court directed Plaintiffs to, "at a minimum, separately identify for each Defendant what statute (and, if applicable, what sub-section of that statute) forms the basis of the alleged claim against that Defendant and what facts could tend to support that claim."

(Dkt. 53 at 34.)  Plaintiffs' third time attempting to plead a Section 509(3) claim should be their last.  Count V should be dismissed, with prejudice.[4]

### F.    Plaintiffs' Section 509(7) Claim (Count VI) Fails As Against All ViSalus Defendants.

Count VI is a claim against all Defendants under M.C.L. § 451.2509(7) ("Section 509(7)"), which creates joint and several liability for **(a)** a person who "directly or indirectly controls a person liable under subsections (2) to (6)"; **(b)** a person who is a managing partner, executive officer, or director of a person liable under subsections (2) to (6)"; or **(c)** an individual who is an employee of or associated with a person liable under subsections (2) to (6) and who materially aids the conduct giving rise to the liability."

Plaintiffs now allege that "the conduct giving rise to liability" was a violation of Section 509(3).  (SAC ¶ 389.)  However, as explained immediately above, Section 509(3) is a cause of action against the <u>purchaser</u> of a security and is inapplicable to this case.[5]  *See* M.C.L. § 451.2509(3).  Thus, Count VI fails as

---

[4] The ViSalus Defendants emailed Plaintiffs' counsel prior to the filing of this Motion to Dismiss, specifically pointing out their grounds for dismissing the 509(3) claim and asking for confirmation that Plaintiffs intended in Count V to assert a claim under Section 509(3).  That email request went unanswered.

[5] Counsel for the ViSalus Defendants also emailed Plaintiffs' counsel to request confirmation that Plaintiffs intended to base their Section 509(7) claim on purported violations of Section 509(3).  That email went unanswered.

against all ViSalus Defendants and should be dismissed, with prejudice. [6]

## III.   <u>CONCLUSION</u>

For the reasons stated herein, the ViSalus Defendants respectfully request that the Court dismiss the SAC as follows:  <u>Count I (10b-5(a)/(c))</u> as to all ViSalus Defendants; <u>Count I (10b-5(b))</u> as to Goergen, Reynolds, Merriweather, and Craig; <u>Count IV (Section 501)</u> as to all ViSalus Defendants; <u>Count V (Section 509(3))</u> as to all ViSalus Defendants; <u>Count VI (Section 509(7))</u> as to all ViSalus Defendants; <u>Count VIII (Declaratory and Injunctive Relief)</u> as to Reynolds, Merriweather, and Craig.   Additionally, Reynolds, Merriweather, and Craig should be dismissed entirely from the action, with prejudice, because Plaintiffs have pled no viable claims against them.

Respectfully submitted,

By:  /s/ Nicholas B. Gorga
Attorney for the ViSalus Defendants

QUARLES & BRADY LLP
Kevin D. Quigley (AZ Bar #015972)
Edward A. Salanga (AZ Bar #020654)
Brian A. Howie (AZ Bar #026021)
Michael S. Catlett (AZ Bar #025238)
*All Admitted to Practice in ED MI*
2 North Central Avenue
Renaissance One

HONIGMAN MILLER SCHWARTZ
AND COHN LLP
Nicholas B. Gorga (P72297)
Andrew W. Clark (P79165)
660 Woodward Avenue
2290 First National Building
Detroit, MI  48226-3506
Telephone Number: (313) 465-7640

---

[6] Count VIII purports to state a claim for declaratory relief.  But declaratory relief is not a stand-alone claim in federal court—it is a remedy.  *McCann v. U.S. Bank, N.A.,* 873 F.Supp.2d 823, 848 (E.D. Mich. 2012).   Thus, Plaintiffs' claim for declaratory relief should be dismissed as to Reynolds, Merriweather, and Craig because each of Plaintiffs' other claims fail as to them.

Phoenix, AZ 85004
Telephone Number: (602) 229.5200
Fax Number: (602) 229.5690
E-Mail: kevin.quigley@quarles.com
edward.salanga@quarles.com
brian.howie@quarles.com
michael.catlett@quarles.com

Fax Number: (313) 465-7641
E-Mail: ngorga@honigman.com
aclark@honigman.com

## <u>CERTIFICATE OF CONFERENCE</u>

Pursuant to Local Rule 7.1, I certify that I made contact with counsel for Plaintiffs, Andrew Kochanowski of Sommers Schwartz, P.C., via email on June 5, 2018 to communicate the ViSalus Defendants' arguments for dismissal. My email went unanswered and thus concurrence on this Motion was not granted.

By:  /s/ Michael S. Catlett
Attorney for the ViSalus Defendants

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 8, 2018, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

By:  /s/  Nicholas B. Gorga

Attorney for the ViSalus Defendants

QUARLES & BRADY LLP

Kevin D. Quigley (AZ Bar #015972)
Edward A. Salanga (AZ Bar #020654)
Brian A. Howie (AZ Bar #026021)
Michael S. Catlett (AZ Bar #025238)
*All Admitted to Practice in ED MI*
One Renaissance Square
2 North Central Avenue
Phoenix, AZ 85004
Telephone Number: (602) 229.5200
kevin.quigley@quarles.com
edward.salanga@quarles.com
brian.howie@quarles.com
michael.catlett@quarles.com

HONIGMAN MILLER SCHWARTZ AND COHN LLP

Nicholas B. Gorga (P72297)
Andrew W. Clark (P79165)
660 Woodward Avenue
2290 First National Building
Detroit, MI  48226-3506
Telephone Number: (313) 465-7640
Fax Number: (313) 465-7641
ngorga@honigman.com
aclark@honigman.com