UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC J. HARRIS, SR., individually, and on
behalf of all others similarly situated, and
CAPRECE BYRD, BRYANT WATTS,
RENAE WHITE, LAURA HERL, DR.
FRANK McWHORTER, ERIC J. HARRIS,
SR. and CONNIE BATES, individually on
their own behalf,

        Plaintiffs,

    v.

VISALUS, INC., a corporation, et al.,

        Defendants

Case No. 4:17-cv-12626
Hon. Matthew F. Leitman

## PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, plaintiff Eric J. Harris Sr. ("Named Plaintiff"), acting individually and on behalf of the Settlement Class, files this Unopposed Motion for Preliminary Approval of Proposed Settlement (the "Motion" to approve the "Settlement"). The Motion seeks preliminary approval of the Named Plaintiff's agreement with defendants to settle all individual and class claims that were made, or could have, been made, in Plaintiffs' Third Amended Complaint (Dkt. 67).

In support of this motion, Named Plaintiff relies upon the accompanying Memorandum of Law, and the Declaration of Andrew Kochanowski, in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, which presents the Class Action Settlement with all supporting documentation.

Plaintiffs request that the Court enter an order:

1. Provisionally certifying the Settlement Class under Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3);

2. Provisionally appointing Eric J. Harris, Sr. as representative of the Settlement Class;

3. Finding that the proposed settlement is sufficiently fair, reasonable and adequate to allow dissemination of notice of the settlement to the proposed Settlement Class;

4. Appointing Andrew Kochanowski, of the law firm Sommers, Schwartz, P.C., Matthew J.M. Prebeg of the law firm Prebeg, Faucett & Abbott PLLC, and Edward A. Wallace of the law firm Wexler Wallace LLP, as Class Counsel for the Settlement Class;

5. Establishing dates for a hearing on final approval of the proposed settlement, Plaintiffs' incentive awards and Class Counsels' request for attorneys' fees and expenses;

6. Appointing Epiq Class Action & Claims Solutions, Inc. ("Epiq") as Claims Administrator;

7. Approving the form of class notice;

8. Approving the notice plan and directing that notice be made available and published;

9. Establishing a deadline for filing papers in support of final approval of the proposed settlement and a request for expenses;

10. Establishing a deadline for the filing of objections by Settlement Class

members; and

11. Establishing a deadline for Settlement Class members to exclude themselves from the proposed Settlement Class with respect to the settlement.

Respectfully submitted:    May 23, 2019.

SOMMERS SCHWARTZ, P.C.

s/ Andrew Kochanowski
Andrew Kochanowski (P55117)
One Towne Square, Suite 1700
Southfield, MI 48076
(248) 355-0300
akochanowski@sommerspc.com

s/ Matthew J.M. Prebeg
PREBEG, FAUCETT & ABBOTT, PLLC
Matthew J.M. Prebeg
(TX Bar No: 00791465)
Brent T. Caldwell
(TX Bar No: 24056971)
Attorneys for Plaintiffs
8441 Gulf Freeway, Suite 307
Houston, TX 77017
(832) 743-9260
mprebeg@pfalawfirm.com
bcaldwell@pfalawfirm.com

s/ Mark R. Miller
WEXLER WALLACE LLP
Edward A. Wallace
(IL Reg. No. 6230475)
Mark R. Miller
(IL Reg. No. 6283542)
55 W. Monroe Street, Suite 3300
Chicago, IL 60603
(312) 589-6272
EAW@wexlerwallace.com
MRM@wexlerwallace.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the forgoing Plaintiffs' Unopposed Motion for Preliminary approval of Class Action Settlement was served via the Court's ECF system upon all counsel of record on May 23, 2019.

s/ Andrew Kochanowski
Andrew Kochanowski

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ERIC J. HARRIS, SR., individually, and on behalf of all others similarly situated, and CAPRECE BYRD, BRYANT WATTS, RENAE WHITE, LAURA HERL, DR. FRANK McWHORTER, ERIC J. HARRIS, SR. and CONNIE BATES, individually on their own behalf,<br><br>          Plaintiffs,<br><br>v.<br><br>          VISALUS, INC., a corporation, et al. | Case No. 4:17-cv-12626<br>Hon. Matthew F. Leitman |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................ viii

I.      INTRODUCTION ....................................................................1

II.     SETTLEMENT TERMS ..........................................................4

III.    PROPOSED TIMETABLE .......................................................8

IV.     CERTIFICATION OF THE SETTLEMENT CLASS FOR THE
        PURPOSE OF NOTICE IS APPROPRIATE..........................................9

    A.  THE REQUIREMENTS OF RULE 23(a) ARE SATISFIED..................................11

      i.   The Class Satisfies Numerosity. ..............................................11

      ii.  The Class Presents Claims with Common Issues of Law and Fact...........11

      iii. The Claims of the Named Plaintiff is Typical of the Class. ......................13

      iv.  The Named Plaintiff and his Class Counsel are Adequate........................13

    B.  THE RULE 23(b)(3) REQUIREMENTS ARE SATISFIED..................................14

V.      THE SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE. ...16

    A.  SETTLEMENT WAS REACHED THROUGH ARM'S LENGTH NEGOTIATIONS
        WITHOUT FRAUD OR COLLUSION. ..........................................................18

    B.  THE SETTLEMENT WILL PROVIDE PROMPT PAYMENT TO THE CLASS AND
        AVOID RISKS.................................................................................18

    C.  SUBSTANTIAL DISCOVERY TAKEN IN THE RELATED *KERRIGAN* ACTION
        PROVIDED PLAINTIFFS WITH ACCESS TO SUFFICIENT INFORMATION TO REACH A
        SETTLEMENT. ................................................................................20

    E.  CLASS COUNSEL BELIEVE THAT THE SETTLEMENT IS REASONABLE. ..........21

    F.  THE SETTLEMENT IS FAIR TO ABSENT CLASS MEMBERS. ...........................22

    G.  THE PUBLIC INTEREST IS SERVED BY THE SETTLEMENT. ............................23

VI.     THE PROPOSED NOTICE PLAN SHOULD BE APPROVED .............23

    A.  THE PROPOSED NOTICE PLAN AND METHOD OF SERVICE IS ADEQUATE. ....23

    B.  THE FORM AND CONTENT OF THE CLASS NOTICE IS ADEQUATE. ...............25

    C.  THE PROPOSED CLAIM ELECTION FORMS ARE ADEQUATE.........................26

VII.    PLAINTIFFS' COUNSEL SHOULD BE APPOINTED AS CLASS
        COUNSEL ................................................................................27

VIII.   CONCLUSION.......................................................................29

CERTIFICATE OF SERVICE .................................................................31

# TABLE OF AUTHORITIES

**Cases**

*Amchem Prods, Inc. v. Windsor,*
  521 U.S. 591 (1997) ...................................................................... 10, 17

*Beattie v. CenturyTel., Inc.,*
  511 F.3d 554 (6th Cir. 2007)...............................................................16

*Dallas v. Alcatel-Lucent USA, Inc.,*
  No. 09–14596, 2013 WL 2197624 (E.D. Mich. May 20, 2013) .........................21

*Daoust v Maru Rest, LLC,*
  No. 17-CV-13879, 2019 WL 1055231 (ED Mich, February 20, 2019) ....... 11, 19

*Eisen v. Carlisle & Jacquelin,*
  417 U.S. 156 (1974) ...........................................................................29

*In re Am. Medical Sys.,*
  75 F.3d 1069 (6th Cir. 1996)...............................................................14

*In re Cardizem CD Antitrust Litig.,*
  218 F.R.D. 508 (E.D.Mich.2003) ............................................... 20, 27

*In re Delphia Corp. Sec., Derivative & "ERISA" Litig.,*
  248 F.R.D. 483 (E.D. Mich. 2008).......................................................21

*In re Telectronics Pacing Sys, Inc.,*
  137 F. Supp. 2d 985 (S.D. Ohio 2001).................................................21

*In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.,*
  722 F.3d 838 (6th Cir. 2013)...............................................................13

*IUE-CWA v. Gen'l Motors Corp.,*
  238 F.R.D. 583 (E.D. Mich. 2006) ............................................... 20, 25

*Kerrigan, et al., v. ViSalus, Inc., et al.,*
  E.D. Mich. Case No. 2:14-cv-12693 ........................................ 2, 4, 5

*Mann v. Acclaim Financial Services, Inc.*,
    232 F.R.D. 278 (S.D. Ohio, 2003) ........................................................14

*Mullane v. Cent. Hanover Bank & Trust Co.*,
    339 U.S. 306 (1950) ............................................................................27

*Pelzer v. Vassalle*,
    655 Fed. Appx. 352 (6th Cir. 2016) ...................................................26

*Senter v. General Motors Corp.*,
    532 F.2d 511 (6th Cir. 1976) ..............................................................15

*Sheick v Auto Component Carrier, LLC*,
    No. 09-14429, 2010 WL 3070130 (E.D. Mich, Aug. 2, 2010) ........ 10, 11, 19, 20

*Tennessee Ass'n of Health Maint. Orgs., Inc. v. Grier*,
    262 F.3d 559 (6th Cir. 2001) ..............................................................18

*UAW v. General Motors Corp.*,
    497 F.3d 615 (6th Cir. 2007) ..............................................................24

## STATUTES

18 U.S.C. Ch. 96 ........................................................................................31

MCL 451.2501-2502, MCL 451.2509 ........................................................2

Securities Exchange Act of 1934 (15 U.S.C. §§ 78a, *et seq*.)

    § 10(b) and Rule 10b-5 ...........................................................................2

    §§ 12(1) and (2) .......................................................................................2

## RULES

Fed. R. Civ. P. 23 ................................................................................. 1, 12

Fed. R. Civ. P.23(a) ............................................................................ 11, 12

Harris - Motion for Preliminary Approval
of Class Action Settlement                                                    ix

Fed. R. Civ. P.23(a)(1)......................................................................................13

Fed. R. Civ. P.23(a)(2)......................................................................................14

Fed. R. Civ. P. 23(a)(3) ....................................................................................14

Fed. R. Civ. P. 23(a)(4) ....................................................................................15

Fed. R. Civ. P. 23(b).........................................................................................12

Fed. R. Civ. P. 23(b)(3). ........................................................................ 12, 16, 17

Fed. R. Civ. P. 23(c)(2)(B) ...................................................................... 27, 29, 30

Fed. R. Civ. P. 23(e)..........................................................................................29

Fed. R. Civ. P. 23(g)(1)(A). ...............................................................................31

This brief is submitted in support of preliminary approval of a class action Settlement between Plaintiff, Eric J. Harris, Sr., ("Named Plaintiff") acting individually and on behalf of the Settlement Class. The Motion seeks preliminary approval of the Named Plaintiff's agreement with ViSalus, Inc. ("ViSalus"), Nick Sarnicola, Ashley Sarnicola, Blake Mallen, Ryan Blair, Todd Goergen, Gary J. Reynolds, Kevin Merriweather, and Michael Craig (collectively "Defendants") to settle all individual and class claims that have, or could have, been made, in Plaintiffs' Third Amended Complaint.

This Settlement satisfies Fed. R. Civ. P. 23 and is fair, reasonable, and adequate. Therefore, Plaintiffs request that this Court grant preliminary approval of this class action settlement and notice plan.

## I.   INTRODUCTION

This putative class action lawsuit was initially filed on August 10, 2017 (Dkt. 1) by six (6) individual plaintiffs, alleging eight counts, initially against eight separate defendants, and eventually against ten defendants, complaining of securities fraud violations by a nutritional product multi-level marketing company, ViSalus, Inc., relating to a March to Equity investment promotion, delivered in connection with a Founders Equity Incentive Plan ("FEIP") offered to certain Independent Promoters ("IPs") of ViSalus. These counts included Sections 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934; Sections 12(1) and (2) of the 1934

Exchange Act (15 U.S.C. §§ 78a, *et seq*.); Sections 501, 502, 509 (2) and (4-7) of the Michigan Uniform Securities Act, MCL. 451.2501-2502, MCL 451.2509(2), (4); statutory conversion;, and for declaratory and injunctive relief.  This action is factually related to a co-pending case against a larger group of defendants, including ViSalus, in *Kerrigan, et al., v. ViSalus, Inc., et al.*, Case No. 2:14-cv-12693 (the "*Kerrigan* Action")

Before filing this case, plaintiffs conducted months of detailed investigation and discovery into the FEIP, any value that could be assigned to the equity allegedly offered through the FEIP, the manner in which the FEIP was promoted, and whether the putative Class Members ever actually received equity in ViSalus.  This investigation included multiple trips to Colorado for in-person meetings with plaintiffs and witnesses, and extensive research into electronically available promotional material in connection with the FEIP.  Many of the facts available to plaintiffs, and necessary to achieve and evaluate this Settlement, were also discovered through additional independent research and extensive written discovery, and depositions, in the *Kerrigan* Action.

The instant case was aggressively pursued by the plaintiffs for almost two years, against vigorous defenses that included two motions to dismiss on various points of fact and law (Dkts. 39 and 57).  The plaintiffs responded to these motions (Dkts.42, 52, and 58), and amended their complaint on three separate occasions.

The Parties engaged in arms-length settlement negotiations conducted with the assistance of a mediator, Mr. Thomas G. McNeill.  These sessions included three full-day mediation sessions, conducted concurrent with settlement negotiations in the *Kerrigan* Action.  The first two sessions were held in Detroit, Michigan in 2017 and 2018, and the third session was held in New York, New York in October 2018. The parties have also engaged in multiple telephonic discussions with the mediator and counsel for the parties and their insurers in 2018 and 2019.  Named Plaintiff Eric J. Harris, Sr. has acted as a putative class representative since September 29, 2017. Dkt. 30.  Through the lengthy mediation and settlement discussions, the parties reached consensus that settlement was best reached, and plaintiffs agreed the interests of the Class were best served, by amending the complaint to allow Mr. Harris to act as the sole class representative.  Therefore, a Third Amended Complaint was filed on April 16, 2019, with Mr. Harris as the putative class representative. Dkt. 67.

After extensive review of the relevant documents and information obtained through months of extensive independent investigations, the discovery products from the *Kerrigan* Action that were not designated confidential, the prevailing law, the risks presented by continuing litigation, and after three full-day mediations, Named Plaintiff concluded that this settlement, the terms of which are set out in the

written settlement agreement, attached as **Exhibit 1**, is best for the Class, and Defendants have agreed to the terms.

## II.     SETTLEMENT TERMS

The parties have agreed to a settlement structure that provides the Settlement Class Members who have not previously released claims against Defendants with two settlement options.  Settlement Class Members who are eligible to choose a cash payment option (the "Cash Option"), may choose the Cash Option or a Benefits Option.  By default, if a Settlement Class Member is not eligible for a Cash Option, or does not choose the Cash Option, the Settlement Class Member will automatically be awarded the Benefits Option.

Pursuant to the Settlement Agreement, the Settlement Class is defined as:

> All U.S. Independent Promotors of ViSalus, Inc. who qualified for units between January 1, 2015 through March 1, 2017 in the Founders' Equity Incentive Plan.

Excluded from the Settlement Class, even if they meet the criteria above, are (i) Defendants, and any IPs owned, controlled or otherwise affiliated with any defendant other than merely by the IP's status as an IP; (ii) IPs who are named defendants, or who are owned, controlled, or otherwise affiliated with named defendants in the *Kerrigan* Action other than merely the IP's status as an IP; (iii) the presiding judge(s) and his or her (or their) immediate family; (iv) any individual who elects to be excluded from the Settlement Class; and (v) any person who has

Harris - Motion for Preliminary Approval
of Class Action Settlement                                                            4

previously released claims against defendants or whose claims have been fully and finally adjudicated by a court with jurisdiction over the claims.

As described in greater detail in the Settlement Agreement, Settlement Class Members who, for the first time, reached the rank of National Director or higher during the time period that the FEIP was offered (January 1, 2015 through March 1, 2017) are eligible to elect a Cash Option. Each Settlement Class Member who is eligible for the Cash Option and timely elects to receive the Cash Option will receive a cash payment of either $1,500 or $4,000, depending on the IP rank the Settlement Class Member reached for the first time during the time period the FEIP was offered,[1] subject to possible reduction depending on the number of Settlement Class Members choosing the Cash Option and the amount of the incentive awarded to the Named Plaintiff. The maximum amount to be paid out under the Cash Option, plus any incentive award, is $285,000. Settlement Class Members who elect the Cash Option will forfeit all rights to receive or own Units (of equity) under the FEIP, shall also be terminated as IPs, and will no longer be eligible to receive benefits as IPs.

Settlement Class Members who are not eligible for a Cash Option or those who are eligible but do not elect to receive a Cash Payment will retain

---

[1] Settlement Class Members who, for the first time during the FEIP offering reached the rank of National Director, Executive Director or Presidential Director have the option of electing a cash payment of $1,500. Settlement Class Members who reached the rank of Ambassador or higher for the first time during the FEIP offering have the option of electing a cash payment of $4,000.

Harris - Motion for Preliminary Approval
of Class Action Settlement                                                    5

all rights to receive or own Units under the FEIP, and will also automatically receive the following benefits (besides any other benefits to which he or she may be entitled as an IP):

a.      25% Commission Rate on all sales (both first time sales and subsequent sales) made to customers who purchase product from ViSalus for the first time after the Effective Date (*i.e.*, new customers) for one (1) year from the Effective Date;

b.      Free re-enrollment as an IP on the Basic enrollment track (no purchase necessary) for one (1) year from the Effective Date;

c.      Free event registration for one (1) event, if any are held within one (1) year from the Effective Date, and if none are held within one (1) year, then free event registration for the next held event, if held within eighteen (18) months from the Effective Date; and

d.      Free Vi-Net Pro Subscription for:

(i)      one (1) year from the Effective Date for all Settlement Class Members who choose the free re-enrollment listed in Section (b) above and who previously paid for Vi-Net Pro; or

(ii)     six (6) months from the Effective Date for all Settlement Class Members who choose the free re-enrollment listed in Section (b) above and who did not previously pay for Vi-Net Pro.

Under the terms of the Settlement Agreement, and subject to the Court's final approval, Class Counsel intends to seek an incentive awards for the Named Plaintiff in the amount of $15,000 in recognition of the amount of time and effort he expended in acting as Representative of the Settlement Class.  Defendants have agreed not to oppose this request for an incentive award.  ViSalus has also agreed to pay this incentive award, up to the stated amount.

Under the terms of the Settlement Agreement, and subject to the Court's final approval, Class Counsel intends to file an application for an award of attorneys' fees and costs of up to one hundred fifteen thousand dollars ($115,000).  Defendants have agreed not to oppose such a request, and any award approved by the Court (up to $115,000) will be paid by ViSalus out of funds that are separate from and in addition to the payment of the Settlement amounts available to the eligible members of the Settlement Class.

The Parties further agreed that the Court's failure to approve, in whole or in part, any award for attorneys' fees or incentive fee shall not prevent the Settlement Agreement from becoming Effective, nor shall it be grounds for termination.

The Settlement Agreement provides for Defendants to engage a qualified settlement administrator, Epiq (the "Settlement Administrator"), and for ViSalus to pay the costs of notice  and the cost of settlement and claims administration for the Settlement Class, which is expected to comprise approximately 400 members.

These costs are separate and apart from the sums available to the members of the Settlement Class. Pursuant to a detailed notice plan, the Settlement Administrator will notify the Class Members, first by e-mail, and if necessary by U.S. Mail, with clear notice of the Settlement, and provide unambiguous forms and instructions for choosing a cash option, opting out of the Settlement, or objecting to the Settlement.

The Settlement provides there will be a release of claims such that all Settlement Class Members who do not file a timely notice of exclusion shall be forever enjoined and barred from asserting any of the matters, claims or causes of action released pursuant to the Settlement Agreement, and any such Settlement Class Member shall be deemed to have forever released the Released Persons from any and all such matters, claims and causes of action as provided for in the Settlement Agreement.  That Settlement Agreement also resolved the claims of the individual plaintiffs through individual payments and releases, as detailed in **Exhibit 1**.

Given the circumstances surrounding the Settlement Class Members' enrollment in the ViSalus FEIP, the prevailing law, the risks and challenges associated with securing a finding of liability, and the length of time necessary for executing on any final judgment this is a fair and reasonable settlement under any standard.

## III.    PROPOSED TIMETABLE

The Settlement Agreement and the proposed Preliminary Approval Order set forth an orderly procedure and timetable for disseminating notice to the Settlement Class and for final approval, as set forth below:

(1)    Settlement Notice shall be disseminated, initially by e-mail within thirty (30) days after the Preliminary Approval Date.

(2)    Plaintiffs' motion for attorneys' fees, expenses, and service awards shall be filed no later than sixty-five (65) days after the Preliminary Approval Date;

(3)    Objections to the Settlement, motion for attorneys' fees, expenses, and service awards, and Notices to Appear at the Final Hearing shall be filed and served no later than seventy-five (75) days after the Preliminary Approval Date;

(4)    Notices of exclusion from the Settlement Class shall be postmarked or sent electronically to the Administrator no later seventy-five (75) days after the Preliminary Approval Date;

(5)    Valid election forms may be submitted to the Administrator no later than seventy-five (75) days after the Preliminary Approval Date;

(6)    Plaintiff's motion for final approval of the settlement shall be filed no later eighty-five (85) days prior to the Final Approval Hearing;

(7)    The parties to the proposed settlement respectfully request that the Final Fairness Hearing be scheduled on or after one hundred (100) days from the Preliminary Approval Date.

## IV.   CERTIFICATION OF THE SETTLEMENT CLASS FOR THE PURPOSE OF NOTICE IS APPROPRIATE

Plaintiffs are now seeking preliminary approval of the Settlement, certification of the Settlement Class, and authorization from the Court to send notice of the Settlement to the Settlement Class members.  As a general matter, an action

may be certified for class treatment for settlement purposes only. *See, e.g., Amchem Prods., Inc. v. Windsor,* 521 U.S. 591 (1997). "Review and approval of class settlements involves a two-step process: (1) preliminary approval of the settlement and the content and method of class notice; and (2) final approval after notice and a fairness hearing," *Sheick v Auto Component Carrier, LLC*, No. 09-14429, 2010 WL 3070130, at *11–12 (E.D. Mich, Aug. 2, 2010).

At the present preliminary approval stage, a Court merely "ascertain[s] whether there is any reason to notify the class members of the proposed settlement and to proceed with a fairness hearing," meaning that a settlement "should be preliminarily approved if it (1) 'does not disclose grounds to doubt its fairness or other obvious deficiencies, such as unduly preferential treatment to class representatives or of segments of the class, or excessive compensation for attorneys,' and (2) 'appears to fall within the range of possible approval.'" *Daoust v Maru Rest, LLC*, No. 17-CV-13879, 2019 WL 1055231, at *1 (ED Mich, February 20, 2019), citing *Sheick*, *supra*, 2010 WL 3070130, at *11. For the reasons discussed later in this memorandum, this standard is more than satisfied.

In considering whether a class should be certified, for settlement purposes or otherwise, moreover, Federal Rule 23(a) requires that (1) the class is so numerous that joinder of all  Class Members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties

are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

To be certified for Federal Rule 23(b) purposes, a class action may be maintained if the Rule 23(a) requirements are satisfied, and if the Court finds that the questions of law or fact common to Class Members predominate over any questions affecting only individual members, and a class action is superior to other methods for adjudicating the controversy. Fed. R. Civ. P. 23(b)(3).

This proposed settlement class here satisfies the requirements of Rules 23(a) and 23(b).[2]

### A. THE REQUIREMENTS OF RULE 23(a) ARE SATISFIED.

#### i.   The Class Satisfies Numerosity.

Rule 23(a)(1) requires that a putative class be numerous.  As the proposed Settlement Class is expected to include approximately four hundred (400) members. This satisfies the numerosity requirement.

#### ii.   The Class Presents Claims with Common Issues of Law and Fact.

---

[2] Defendants have withdrawn their oppositions to and defenses against Plaintiffs' motion for certification for the purposes of a settlement class and pursuant to the parties' Settlement Agreement only.  As stated in the Settlement Agreement, in the event the Court disapproves (or modifies) the settlement for any reason, Defendants reserve the right to reassert all of their defenses, including as to certification.

Rule 23(a)(2) requires that plaintiffs demonstrate that there are questions of law or fact common to the class. This inquiry "focuses on whether a class action will generate common answers that are likely to drive resolution of the lawsuit." *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 838, 852 (6th Cir. 2013).

Here, there are many common issues of fact and law alleged by Plaintiffs, including:

 (a) What misrepresentations and/or omissions were made to prospective buyers of the offering;

 (b) What facts did the Defendants omit and/or conceal from the purchasers;

 (c) Whether the Defendants created and operated a scheme to defraud;

 (d) Whether class members were harmed by the scheme to defraud;

 (e) What conditions "qualified" a class member for inclusion in the Plan;

 (f) Whether the Defendants are liable under federal securities laws;

 (g) Whether the Defendants are liable under Michigan blue sky laws;

 (h) Whether the people who invested in the offering were damaged;

 (i) Whether the people who invested in the offering are entitled to rescission of their investment.

These alleged issues are sufficient to satisfy the commonality requirement under Rule 23(a)(2).

### iii.    The Claims of the Named Plaintiff is Typical of the Class.

The claims or defenses of the proposed class representatives must be typical of the claims or defenses of the class.  Fed. R. Civ. P. 23(a)(3).  "[A] plaintiff's claim is  typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory."  *Mann v. Acclaim Financial Services, Inc.*, 232 F.R.D. 278, 284 (S.D. Ohio, 2003), *citing  In re Am. Medical Sys.*, 75 F.3d 1069, 1082 (6th Cir. 1996). The Named Plaintiff is alleging the same individual federal and state statutory and common  law  causes  of  action,  arising  out  of  the  same  alleged  investment  plan, promotion efforts, and FEIP operation.

### iv.    The Named Plaintiff and his Class Counsel are Adequate.

The proposed class representatives must fairly and  adequately protect the interests  of  the  class.   Fed. R. Civ. P. 23(a)(4).   "There  are  two  criteria  for determining  whether  the  representation  of  the  class  will  be  adequate:   1)  the representative  must have common interests with unnamed members of the class, and 2) it must  appear that the representatives will vigorously prosecute the interests of the class  through qualified counsel."  *Senter v. General Motors Corp.*, 532 F.2d 511, 524-25 (6th Cir. 1976).

The Named Plaintiff's interests are consistent with, and not antagonistic to, the interests of the Class. The Named Plaintiff alleges causes of action and injuries that are common to unnamed members of the class. The fact that the Named Plaintiff has agreed to devote his time and resources to seeing this case through to the end, including responding to discovery, testifying at a deposition, and testifying at trial, if necessary, indicates he is committed to vigorously prosecute the interests of the Class.

Proposed class counsel, Andrew Kochanowski, Matthew Prebeg, and Edward Wallace, and their firms are each experienced complex litigation and class action litigators, and have zealously represented the Named Plaintiff and the putative Class. The adequacy of these counsel is supported in the declaration of Andrew Kochanowski, attached as Exhibit 2 to this Motion, and the declarations attached as Exhibits E, F, and G to Plaintiffs' Motion for Class Certification, Dkt. 115 filed in the *Kerrigan* Action.

### B. THE RULE 23(b)(3) REQUIREMENTS ARE SATISFIED.

Rule 23(b)(3) requires that questions of law or fact predominate over questions affecting only individuals. "To satisfy the predominance requirement, a plaintiff must establish that the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, predominate over those issues that are subject only to individualized proof." *Beattie v. CenturyTel., Inc.*, 511 F.3d 554, 564 (6th Cir. 2007). "[T]he fact that a defense may arise and

may affect different Class Members differently does not compel a finding that individual issues predominate over common ones.  *Id.*

The claims of each of the Settlement Class Members are supported by the same set of generalized proof.  Plaintiffs have alleged that the set of facts that give rise to liability, and establish causation, arises from the same conduct of Defendants, proven by common evidence including ViSalus' FEIP promotional materials and marketing efforts, the published FEIP plan itself, the actual value of the equity offered through the FEIP, and the facts surrounding ViSalus's administration of the FEIP.  Likewise, Plaintiffs have alleged that the damages suffered by each Settlement Class Member may be shown from a common set of data, using a uniform method of calculation.

For a Rule 23(b)(3) class to be certified, a class action must be "superior to available methods for the fair and efficient adjudication of the controversy."  Fed. R. Civ. P.  23(b)(3).  Normally courts consider the (i) alternatives to a class action, and whether  members have an interest in controlling their own cases; and (ii) whether the case  will be manageable as a class.  In the settlement context, however, the proponent of  the class need not establish manageability, because it is proposed that there be no  trial. *Amchem Prods, Inc. v. Windsor, 521 U.S. 591, 62* (1997).

This Settlement Class is expected to comprise approximately 400 members, with individual actual settlement awards of either $1,500 to $4,000, depending

Harris - Motion for Preliminary Approval
of Class Action Settlement                                                                 15

upon the Settlement Class Member's eligibility and decision to elect a cash payment. Economically, each individual Settlement Class Member would have few, if any, feasible alternative to this class action to recover damages. And no individual Settlement Class Member would have an economically feasible alternative to control her own case, as assuming control would require pursuing a separately funded legal action.

Since the liability, causation, and damages elements of each Settlement Class Members' claims are proven from the same set of facts, discovered through the same pre-trial procedures, and calculated from the same set of economic data, the Class Settlement can be efficiently administered. Further, ViSalus possesses electronic and physical addresses for all of the Settlement Class Members, and as a matter of course, has communicated with the Settlement Class Members through e-mail in the ordinary course of business. These facts indicate the Settlement Class Members are easily identifiable, and all aspects of this class action settlement can be efficiently accomplished.

## V. THE SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE.

At the preliminary approval stage, the Court makes a preliminary fairness evaluation. *Tennessee Ass'n of Health Maint. Orgs., Inc. v. Grier*, 262 F.3d 559, 565-66 (6th Cir. 2001). If preliminary approval is given to this Class Settlement, the parties will give adequate notice to the Settlement Class Members, and the

opportunity for the members of the Settlement Class to be excluded from or object to the Settlement. The parties will then seek final approval of the Settlement. *See*, *e.g.*, *Sheick v Auto Component Carrier, LLC*, 2010 WL 3070130, at *11 (E.D. Mich, Aug. 2, 2010)(" Review and approval of class settlements involves a two-step process: (1) preliminary approval of the settlement and the content and method of class notice; and (2) final approval after notice and a fairness hearing").

In the present, preliminary approval step of the process, the Court "ascertain[s] whether there is any reason to notify the class members of the proposed settlement and to proceed with a fairness hearing." *Id.*, 2010 WL 3070130, at *11. A settlement agreement "should be preliminarily approved if it (1) 'does not disclose grounds to doubt its fairness or other obvious deficiencies, such as unduly preferential treatment to class representatives or of segments of the class, or excessive compensation to attorneys,' and (2) 'appears to fall within the range of possible approval.'" *Daoust v. Maru Rest, LLC*, 2019 WL 1055231, at *1 (E.D. Mich., Feb. 20, 2019), citing *Sheick*, *supra*, 2010 WL 3070130, at *11.[3] For the

---

[3] By contrast, in the later, final approval step of the process and fairness hearing:

> To assess the fairness, adequacy and reasonableness of a class action settlement, the Court considers the following factors:
>
> > (a) the likelihood of success on the merits weighed against the amount and form of the relief offered in the settlement; (b) the risks, expense, and delay of further litigation; (c) the judgment of experienced counsel who have competently evaluated the strength of their proofs; (d) the amount of discovery completed and the character of the evidence uncovered; (e) whether the settlement is fair to the unnamed class

reasons discussed here, the settlement in question more than satisfies the approval standards.

### A. SETTLEMENT WAS REACHED THROUGH ARM'S LENGTH NEGOTIATIONS WITHOUT FRAUD OR COLLUSION.

Courts presume the absence of fraud or collusion in class action settlements unless there is evidence to the contrary. *IUE-CWA v. Gen'l Motors Corp.*, 238 F.R.D. 583, 598 (E.D. Mich. 2006). Courts also consider whether the settlement was reached with the assistance of a mediator. *See, e.g.*, *Dallas v. Alcatel-Lucent USA, Inc.*, No. 09–14596, 2013 WL 2197624, at *8-9 (E.D. Mich. May 20, 2013). This Settlement was reached after three separate full-day mediations with a highly qualified mediator, Thomas G. McNeill, while the parties continued to zealously litigate their claims and defenses.

### B. THE SETTLEMENT WILL PROVIDE PROMPT PAYMENT TO THE CLASS AND AVOID RISKS.

"[M]ost class actions are inherently complex and settlement avoids the costs, delays, and multitude of other problems associated with them," *In re Telectronics*

---

members; (f) objections raised by class members; (g) whether the settlement is the product of arm's length negotiations as opposed to collusive bargaining; and (h) whether the settlement is consistent with the public interest.

*Sheick v Auto Component Carrier, LLC*, 2010 WL 3070130, at *11 (E.D. Mich, Aug. 2, 2010) (citing *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 522 (E.D.Mich.2003)).

*Pacing Sys, Inc.*, 137 F. Supp. 2d 985, 1013 (S.D. Ohio 2001).  Courts view class

action settlements favorably because they avoid the costs, delays, and other

problems inherently associated with class actions.    *In re Delphia Corp. Sec.,*

*Derivative & "ERISA" Litig.,* 248 F.R.D. 483, 497 (E.D. Mich. 2008).

The settlement of this case spares the parties and Settlement Class Members

the time, costs, and risks associated with pursuing this case through trial and

appeal.  The Court has not yet decided if a contested request for class certification

would be granted.  At the time this Settlement was reached, Defendants' second

motion to dismiss (Dkt. 57) was still pending (although it was withdrawn pending

efforts to finalize this Settlement) and significant discovery was necessary,

including expert reporting and discovery.

The Court has resolved some of the legal issues raised by defendants, but

the Court did not decide whether it would grant plaintiffs' request for a contested

certification, and the plaintiffs would have needed to prove the elements of their

causes of action, and overcome the various defenses on the merits raised by

multiple defendants, and preserved for trial.  Regardless of whether the Named

Plaintiff had won his bid for class certification, and then prevailed at trial, he

faced the possibility of an interlocutory appeal of the certification order and an

eventual appeal of a final judgment.  The Named Plaintiff and Class Counsel

have also considered the risks associated with attempting to collect on any

judgment obtained through trial, and affirmed on appeal. These risks were real, and the resources and costs to overcome them were significant.

### C. SUBSTANTIAL DISCOVERY TAKEN IN THE RELATED *KERRIGAN* ACTION PROVIDED PLAINTIFFS WITH ACCESS TO SUFFICIENT INFORMATION TO REACH A SETTLEMENT.

As stated above, the parties exchanged extensive information in this action, conducted extensive discovery in the related *Kerrigan* Action, and Named Plaintiff made exhaustive searches of publicly and privately available information in order to gain the information and documents necessary to make an informed decision to reach this Settlement. The Named Plaintiff has the necessary and sufficient information to reach this Settlement.

### D. SUCCESS ON THE MERITS IS NOT GUARANTEED.

The Named Plaintiff is confident his putative class action should be certified, and that he will win on the merits of his claims. The Named Plaintiff is also confident the Class has suffered calculable damages that demonstrably resulted from Defendants' actions. However, prevailing before this Court, and potentially on appeal, on each of the questions of certification, liability, and damages is far from guaranteed. The Court has not yet considered a motion for class certification, at the time this Settlement was reached, one of defendants' dispositive motions was pending, and this case had not yet been set for trial.

Harris - Motion for Preliminary Approval
of Class Action Settlement                                    20

"The fairness of each [class action] settlement turns in large part on the bona fides of the parties' legal dispute." *UAW v. General Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007).  This inquiry does not require the Court to decide the merits of the case or resolve unsettled legal questions, but to judge the fairness of the compromise, the Court must weigh the plaintiffs' likelihood of success on the merits.  *Id.*  The Court must resolve "whether the parties are using settlement to resolve a legitimate legal and factual disagreement."  *Id.* at 632.

Because of the uncertainties associated with this class action lawsuit, success on the merits is not guaranteed for any party, and this Settlement resolves legitimate legal and factual disagreements.

### E.  CLASS COUNSEL BELIEVE THAT THE SETTLEMENT IS REASONABLE.

The proposed Class counsel are experienced complex litigation and class action litigators, who fully appreciate the complexity of Plaintiff's claims, the risks associated with a trial on the merits and eventual appeal, and the obstacles commonly blocking plaintiffs from timely collecting on a judgment.  Class counsel fully appreciate the value of this Settlement to the Class.

Courts give substantial weight to the experience of the attorneys who prosecuted the case and negotiated the settlement. *IUE-CWA*, 238 F.R.D. at 597. The proposed Class counsel have considered the risks associated with not settling,

and the value of this Settlement to the Class Members, and believe this Settlement is reasonable.

### F. THE SETTLEMENT IS FAIR TO ABSENT CLASS MEMBERS.

Each Class Member that does not opt-out of this Settlement may either remain a FEIP participant and also continue to operate as a ViSalus IP, but with a package of benefits that provide substantial economic opportunities to the IP, or, if they are eligible for the Cash Option, may choose to receive either approximately $1,500 or $4,000 of the funds they paid to ViSalus to qualify for the FEIP units *and* for ViSalus product they could use or sell (depending upon the highest IP rank that the IP achieved while qualifying for FEIP units during the period the FEIP was offered). Those Class Members choosing the Cash Option are not required by this Agreement to return any of the ViSalus products they may have received in exchange for the funds they paid ViSalus. This is a substantial recovery for the Class Members. The settlement is fair and does not improperly favor the class representatives over the interests of the Class Members. *Cf. Pelzer v. Vassalle*, 655 Fed. Appx. 352 (6th Cir. 2016).

While this Settlement provides that defendants will not oppose plaintiffs' application for a modest payment to the Named Plaintiff as an incentive award, and an application for modest fees to Class Counsel for their service, the Parties agreed that any such awards are within the Court's discretion, and the Court's failure to

approve, in whole or in part, any award for attorneys' fees or incentive award shall not prevent the Settlement Agreement from becoming Effective, nor shall it be grounds for termination.  In any event, those awards do not diminish the benefits or funds available to the Class Members.  Further, the settlement that defendants reached with the individual plaintiffs does not diminish any of the benefits this Settlement provides for the Class Members, or diminish the total amount of funds committed to those Class Members who elect the Cash Option.

### G. THE PUBLIC INTEREST IS SERVED BY THE SETTLEMENT.

Through this Settlement, each Class Member receives a substantial benefit. The Settlement will preserve significant judicial resources by avoiding the time and funds necessary to conduct and resolve a class certification hearing, a trial on the merits, and the many additional motions by the parties before trial. "[T]here is a strong public interest in encouraging settlement of complex litigation and class action suits because they are notoriously difficult and unpredictable and settlement conserves judicial resources." *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 532 (E.D. Mich. 2003).

## VI.   THE PROPOSED NOTICE PLAN SHOULD BE APPROVED

### A. THE PROPOSED NOTICE PLAN AND METHOD OF SERVICE IS ADEQUATE.

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them

> an opportunity to present their objections . . . The notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance.

*Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). The notice provisions ("Notice Plan") in the Settlement Agreement fulfill this standard.

Rule 23(c)(2)(B) requires that "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Here, the parties have agreed on a form of notice (**Exhibits 1-A & C**) that, as identified further below, clearly and unambiguously describe the nature of the claims at issue in this class action, the effects of settlement on the Class Members, and options available to the Class Members.

The Notice Plan provides the manner of service of initial notice, **Exhibit 1-A,** to Class Members through electronic mail. This form of service for this Class is particularly adequate because the Settlement Class Members and ViSalus have conducted virtually all their business communications and financial transactions by e-mail or other electronic means. Service by e-mail is calculated to be the method of service most likely to timely reach each Settlement Class Member. As a routine matter of business, ViSalus maintains a database of e-mail addresses for each Class Member.

Harris - Motion for Preliminary Approval
of Class Action Settlement                                    24

ViSalus also maintains a database of physical addresses for Settlement Class Members.  In the event notice to a Settlement Class Member is returned undelivered, the Notice Plan requires a postcard notice will be sent to the Settlement Class Member by mail to his or her physical address in the form attached at **Exhibit 1-A**. This fallback provision is designed to make it highly likely each Class Member will receive timely notice of this Settlement.

Additionally, the Notice Plan requires that the Settlement Administrator maintain both a toll-free number and a settlement website by which the settlement notice and important documents filed in this case are available for public inspection.

The Settlement Administrator will be responsible for the overall notice and claims process  and  has well-established credentials for responsibly performing this task.

### B.  THE FORM AND CONTENT OF THE CLASS NOTICE IS ADEQUATE.

Rule 23(e) requires that notice of a proposed settlement inform Settlement Class Members of the following: (1) the nature of the pending litigation; (2) the general  terms of the proposed settlement, (3) that complete information is available from  court files, and (4) that any Settlement Class Member may appear and be heard at the final  approval hearing.    The notice must also indicate an opportunity to opt out, that  the judgment will bind all Class Members who do not opt out, and that any member  who does not opt out may appear through counsel.  Fed. R. Civ.

P. 23(c)(2)(B).  The notice should include individual notice to all members who can be identified with reasonable effort.  *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 175-76 (1974).

The form of the class notice proposed by the parties clearly and unambiguously states:

> (i)     the nature of the action;
>
> (ii)    the definition of the class certified;
>
> (iii)   the class claims, issues, or defenses;
>
> (iv)    a Settlement Class Member may enter an appearance through an attorney if the member so desires;
>
> (v)     the court will exclude from the class any member who requests exclusion;
>
> (vi)    the time and manner for requesting exclusion; and
>
> (vii)   the binding effect of a class judgment on members under Rule 23(c)(3).

The proposed notice (**Exhibits 1-A & C**) meets the requirements of Fed. R. Civ. P. 23(c)(2)(B).

### C. THE PROPOSED CLAIM ELECTION FORMS ARE ADEQUATE.

If a Settlement Class Member wishes to receive the Benefits Option, or is not eligible for the Cash Option, that Settlement Class Member is not required to fill out any form at all.  Each Settlement Class Member who does not submit a cash election

form will automatically receive the benefits option, unless he or she elects to be excluded from the Settlement.

Each Settlement Class Member who elects to receive the Cash Option need only complete a simple online form at the administration website, providing their name and basic contact information (*See* **Exhibits 1-B(1) and 1-B(2)**).   The Settlement Class Member may optionally print out the cash benefit election form, fill out the basic information, and mail it to the Settlement Administrator.   The Claim Election Form clearly   provides the Settlement Class Member with information regarding the Settlement and the benefits option, and instructions for electing the Cash Option.  This process is simple, and is intended to unambiguously provide Settlement Class Members with the tools necessary to decide their options, and to select a cash benefit, if desired.

## VII.  PLAINTIFFS' COUNSEL SHOULD BE APPOINTED AS CLASS COUNSEL

In appointing class counsel, the Court must consider:

(i)      the work counsel has done in identifying or investigating potential claims in the action;

(ii)     counsel's experience in handling class actions, other complex litigation, and types of claims of the type  asserted in the action;

(iii)    counsel's knowledge of the applicable law; and

(iv)     the resources counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A).

Each of plaintiffs' counsel is an experienced litigator in complex matters, and has experience developing and resolving class action litigation, including class actions asserting RICO (18 U.S.C. Ch. 96) claims against multi-level marketing companies.  *See* **Exhibit 2** to this Motion, and also Dkt. 115 of the *Kerrigan* Action, Exhibits E, F, & G (the declarations of Andrew Kochanowski, Matthew Prebeg, and Edward Wallace), in support of the Named Plaintiffs' motion for class certification in that case, setting forth detail for these counsel.  The Named Plaintiff's counsel have devoted substantial resources to the investigation and development of the claims asserted in this class action, including substantial amounts of their own time and the time of their firms' lawyers and staff, and significant amounts of money necessary to cover the expenses of litigation.  Each of plaintiffs' counsel has actively participated in this case, attended or had firm members attend the multiple mediations necessary to resolve this matter, and has carefully evaluated this Settlement.  Each of them is committed to continuing to devote the resources necessary to bring this matter to a close.

For these reasons, the Court should appoint Andrew Kochanowski and his firm, Sommers Schwartz, P.C., Matthew Prebeg and his firm, Prebeg, Faucett & Abbott PLLC, and Edward Wallace and his firm, Wexler Wallace LLP, as Class Counsel.

## VIII.  CONCLUSION

The Named Plaintiff believes that this Settlement is in the best interests of the Class and meets the requirements for preliminary approval.  Therefore, for the  reasons set forth herein, he  respectfully asks  the Court to appoint him as representative of this Settlement Class, to certify this Settlement Class, to appoint his counsel as Class Counsel, and for preliminarily approval of this Settlement for the purpose of sending notice of this Settlement to the Settlement Class Members.

Respectfully submitted:  May 23, 2019,

SOMMERS SCHWARTZ, P.C.

s/ Andrew Kochanowski
Andrew Kochanowski (P55117)
Jason J. Thompson (P47184)
Attorneys for Plaintiffs
One Towne Square, Suite 1700
Southfield, MI 48076
(248) 355-0300
akochanowski@sommerspc.com
jthompson@sommerspc.com

PREBEG, FAUCETT & ABBOTT, PLLC
Matthew J.M. Prebeg
(TX Bar No: 00791465)
Brent T. Caldwell
(TX Bar No: 24056971)
Attorneys for Plaintiffs
8441 Gulf Freeway, Suite 307
Houston, TX 77017
(832) 743-9260
mprebeg@pfalawfirm.com
bcaldwell@pfalawfirm.com

WEXLER WALLACE LLP
Edward A. Wallace (IL Reg. No. 6230475)
Mark R. Miller (IL Reg. No. 6283542)
Attorneys for Plaintiffs
55 W. Monroe Street, Suite 3300
Chicago, IL 60603
(312) 589-6272
mrm@wexlerwallace.com
EAW@wexlerwallace.com

## CERTIFICATE OF SERVICE

I certify that on May 23, 2019, I caused the forgoing paper to be filed with the

Clerk of the Court using the ECF system which will send notification of such filing

to all counsel of record on the ECF Service List.

s/ Andrew Kochanowski
Andrew Kochanowski (P55117)
Sommers Schwartz, P.C.
One Towne Square, Suite 1700
Southfield, MI 48076
(248) 355-0300
akochanowski@sommerspc.com
