UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ERIC J. HARRIS, SR., individually, and on behalf of all others similarly situated, and CAPRECE BYRD, BRYANT WATTS, RENAE WHITE, LAURA HERL, DR. FRANK McWHORTER, ERIC J. HARRIS, SR. and CONNIE BATES, individually on their own behalf,<br><br>       Plaintiffs,<br><br>v.<br><br>       VISALUS, INC., a corporation, et al. | Case No. 17-cv-12626<br>Hon. Matthew F. Leitman |

## ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT

Plaintiff Eric J. Harris, Sr., acting individually and on behalf of the Settlement Class ("Named Plaintiff), filed an Unopposed Motion for Preliminary Approval of Proposed Settlement (the "Motion"). The Motion seeks preliminary approval of Named Plaintiff's agreement (the "Agreement"), for himself and on behalf of the Class, with ViSalus, Inc. ("ViSalus"), Nick Sarnicola, Ashley Sarnicola, Blake Mallen, Ryan Blair, Todd Goergen, Gary J. Reynolds, Vincent Owens, Kevin Merriweather, and Michael Craig (collectively "Defendants") to settle all individual and class claims that have, or could have, been made, in Plaintiffs' Third Amended Complaint. This Court, having reviewed the Motion and the exhibits, including the

written settlement agreement (the "Agreement"), finds itself apprised of the issues and grants the Motion. Accordingly,

**IT IS HEREBY ORDERED:**

**<u>Preliminary Approval of the Agreement</u>**

1. This Court preliminarily approves the Agreement, between Plaintiffs and Defendants, subject to further consideration thereof at the Final Approval Hearing. The capitalized terms used in this Order have the same meaning as in the Agreement unless otherwise stated in this Order.

2. The Preliminary Approval Date is the day this Court enters this Order and sets the timing of the events leading to this Court's Final Approval Hearing. Each event shall be calculated under FED. R. CIV. P. 6.

3. After extensive litigation and arm's-length negotiations by experienced counsel for the Parties, the Parties executed the Agreement. The Parties' negotiations included extensive mediation proceedings, with the benefit of an experienced, neutral mediator,

4. Under the Agreement, each Cash Payment Eligible Settlement Class Member may elect between two alternative forms of relief: first, a Cash Option that terminates the Class Member's Independent Promoter ("IP") status with ViSalus and forfeits all that Class Member's rights to receive or own Units under the Founders Equity Incentive Plan ("FEIP"); and second, a Benefits Option which allows the

Class Member to retain all rights to receive or own Units under the FEIP, and provides enhanced compensation, free services, and other benefits. Class Members who submit no Valid Election Form receive the Benefits Option.

    5.    Under the Agreement, each Cash Payment Eligible Settlement Class Member who elects the Cash Option receives a cash payment of, for Class Members who the first time reached the rank of National Director (ND), Executive Director (ED) or Presidential Director (PD) during the time period that the FEIP was offered (January 1, 2015 to March 1, 2017), $1,500.00, and for Class Members who for the first time reached the rank of Ambassador or higher, $4,000.00, with payment to Class Members in both categories subject to possible reduction depending on the number of Class Members choosing this option.

    6.    Under the Agreement, each Class Member who is not a Cash Payment Eligible Settlement Class Member or who does not submit a Valid Election Form shall be deemed to have elected the Benefits Option and receive all corresponding benefits, which includes these benefits (besides any other benefits to which he or she may be entitled as an IP):

    a.    25% Commission Rate on all sales (both first time sales and subsequent sales) made to customers who purchase product from ViSalus for the first time after the Effective Date (*i.e.*, new customers) for one (1) year from the Effective Date;

b.  Free re-enrollment as an IP on the Basic enrollment track (no purchase necessary) for one (1) year from the Effective Date;

c.  Free event registration for one (1) event, if any are held within one (1) year from the Effective Date, and if none are held within one (1) year, then free event registration for the next held event, if held within eighteen (18) months from the Effective Date;

d.  Free Vi-Net Pro Subscription for:

(i)  one (1) year from the Effective Date for all Settlement Class Members who choose the free re-enrollment listed in Section 6(b) above and who previously paid for Vi-Net Pro; or

(ii)  six (6) months from the Effective Date for all Settlement Class Members who choose the free re-enrollment listed in Section 6(b) above and did not previously pay for Vi-Net Pro.

7.  The Agreement also requires ViSalus to pay, or cause to be paid, to Individual Plaintiffs Caprece Byrd, Byrant Watts, Renae White, Laura Herl, Dr. Frank McWhorter and Connie Bates, through their counsel, the total sum of ($450,000).

8.  This Court finds that the terms embodied in the Agreement appear, upon preliminary review, fair, reasonable and adequate and warranting preliminary

approval and sending notice of the Settlement to the Class Members to consider its terms before the Final Approval Hearing under FED. R. CIV. P. 23(e).

**The Settlement Class**

9. This Court finds that the proposed Settlement Class likewise meets the requirements of FED. R. CIV. P. 23(b)(3), 23(c)(1), and 23(c)(1)(B), and conditionally certifies the following Settlement Class, as of the date of this Order, to consider the Settlement:

> All U.S. Independent Promotors of ViSalus, Inc. who qualified for units in the Founders' Equity Incentive Plan between January 1, 2015 through March 1, 2017.

10. Excluded from the Settlement Class, even if they meet the criteria above, are (i) (i) Defendants, and any IPs owned, controlled or otherwise affiliated with any Defendant other than merely by the IP's status as an IP; (ii) IPs who are named defendants, or who are owned, controlled, or otherwise affiliated with named defendants in *Kerrigan et al. v. ViSalus, Inc., et al.*, Case No. 2:14-cv-12693; (iii) the presiding judge(s) and his or her (or their) immediate family; (iv) any individual who elects to be excluded from the Settlement Class; and (v) any person who has previously released claims against Defendants or whose claims have been fully and finally adjudicated by a court with jurisdiction over the claims.

11. This Court preliminarily finds that Eric J. Harris, Sr. has, and will fairly and adequately represent and protect the interests of the absent Class Members under FED. R. CIV. P. 23(a)(4).

12. These attorneys and their respective firms have zealously litigated this case and the Court appoints these attorneys and their respective firms to serve as Class Counsel and represent the Settlement Class for the Settlement:

> Andrew Kochanowski
> Lance C. Young
> Sommers Schwartz, P.C.
> One Towne Square, Suite 1700
> Southfield, MI 48076
>
> Matthew Prebeg
> Prebeg, Faucett & Abbott PLLC
> 8441 Gulf Freeway, Suite 307
> Houston, TX 77017
>
> Edward Wallace
> Mark Miller
> Wexler Wallace LLP
> 55 W. Monroe St. Suite 3300
> Chicago, IL 60603

13. This Court preliminarily finds that Class Counsel and their respective firms have and will fairly and adequately represent and protect the interests of the absent members of the Settlement Class under FED. R. CIV. P. 23(a)(4) and (g).

14. If the Agreement is terminated or is not consummated, Defendants shall be deemed to have reserved all rights they now possess to oppose class certification.

15. This Court preliminarily approves the Settlement as described in the Agreement and preliminarily finds that the Settlement benefits are fair, adequate, and reasonable under the circumstances, considering the risks and costs of litigation for each party.

**<u>Approval of Notice Plan and Schedule</u>**

16. This Court has reviewed and approves the Notice Plan set forth by the Parties, which is detailed in their written Agreement, attached as **Exhibit 1** to their Motion, and incorporated in this Order. This Court finds that the Notice, **Exhibit 1-A**, and Detailed Notice, **Exhibit 1-C,** both attached to the Motion, clearly and concisely states, in easily understood language, all the elements in FED. R. CIV. P. 23(c). In keeping with the Notice Plan that this Court herein approves, the Settlement Administrator shall comply with the Notice Plan set forth in **Exhibit 1**, including but not limited to the terms of **Exhibit 1** (II)(C). Specifically, based on contact information in ViSalus' records, the Settlement Administrator shall email **Exhibit 1-A** to the Class Members. For those emails returned as undelivered, under the Notice Plan, the Settlement Administration shall mail **Exhibit 1-A** to the Class Member's address in ViSalus' records.

17. This Court finds that the Notice Plan affords the best practicable notice under the circumstances and, when completed, shall constitute fair, reasonable, and adequate notice of the Settlement to all persons and entities affected by or entitled

to participate in the Settlement, in compliance with FED. R. CIV. P. 23(c)(2) and due process.

18. This Court appoints Epiq Class Action & Claims Solutions, Inc. ("Epic") as the Settlement Administrator. This Court finds that Epic has the experience and resources to act as the Settlement Administrator.

19. This Court authorizes the Settlement Administrator to provide notice of the Settlement to the Settlement Class and administer the claims of the Class Members as provided in the Agreement.

20. This Court further orders the Settlement Administrator to implement the notice events identified in the Notice Plan, using the forms attached as **Exhibit 1-A & C** to this Order under this schedule:

| EVENT | DATE |
|---|---|
| *Settlement Notice emails sent to Class Members* | No later than 30 days after the Preliminary Approval Date |

### Objections to the Settlement

21. Any Class Member who objects to the Agreement shall file a written objection with this Court, with a copy served on Class Counsel and ViSalus' counsel, pursuant to this schedule:

| EVENT | DATE |
|---|---|
| *Deadline to File and Serve Objections and Deadline of Notice to Appear at the Final Fairness Hearing* | No later than 75 days after the Preliminary Approval Date |

22. This Court will not consider a Class Member's objection to the Settlement unless that Class Member files a written objection. This Court will not hear from any Class Member at the Final Approval Hearing unless that Class Member's written objection states he or she wishes to appear before this Court. All written objections must: (a) be marked as "Written Objections to Settlement Agreement" in *Harris et al. v. ViSalus et al.*, Civil Action No. 17-cv-12626; (b) state the objector's full name, address, and telephone number; (c) set forth a brief statement regarding the objections; (d) state the reasons for the objections; (e) include copies of any papers that support the objections; (f) include the objector's signature and verification under oath that the objector believes he or she is a Class Member; and (g) if the objector wants to be heard at the Final Approval Hearing, state that the objector intends to appear at the Final Approval Hearing. If an attorney makes the objection, the written objection must also provide the attorney's name, address, email address, and telephone number. Counsel for the Parties may file any responses to the objections submitted (if any) at least five (5) days before the date of the Final Fairness Hearing.

## Requests to be Excluded from the Settlement

23. Any Class Member who wishes to be excluded from the Settlement Class shall mail written notice of exclusion to the Settlement Administrator, pursuant to this schedule:

| EVENT | DATE |
|---|---|
| *Deadline to Postmark or Send Electronically the Notice of Exclusion* | No later than 75 days after Preliminary Approval Date |

24. Any Class Member's notice of exclusion shall include all of the following: (a) full name, (b) phone number, (c) current address, (d) a statement that the person wishes to be excluded from the Settlement, and (e) the signature of the person who wishes to be excluded.

25. Any Class Member who submits a timely notice of exclusion that complies with the requirements in this Order shall not be bound by the Settlement, the Agreement, or the Final Order and Judgment. At least weekly after receiving an exclusion, the Settlement Administrator shall provide copies of each notice of exclusion to Class Counsel and ViSalus' counsel.

26. Any Class Member who does not properly and timely mail a notice of exclusion as set forth herein shall be included in the Settlement Class and shall be bound by the Settlement, the Agreement and the Final Order and Judgment.

27. Any Class Member who submits a notice of exclusion that complies with the requirements of this Order *and* objects to the Settlement shall be deemed to have excluded himself or herself from the Settlement Class. The Court will not consider an objection to the Settlement from a person that has excluded himself or herself from the Settlement Class.

## Administration of Communications from Class Members

28. To effectuate the Settlement and the Notice Plan, the Settlement Administrator shall be responsible for receiving all notices of exclusion and Election Forms. The Settlement Administrator shall preserve (on paper or transferred into electronic format) all documents received from Class Members in response to the notices for three (3) years, or under a further order of this Court.

29. Each Class Member may submit a Valid Election Form by email or mail to the Settlement Administrator. Valid Elections Forms may be submitted no later than 75 days after the Preliminary Approval Date.

30. Any Class Member who does not submit a Valid Election Form shall receive the Benefits Option.

31. Any information received by the Settlement Administrator for this Settlement that pertains to a Class Member, or information submitted with a notice of exclusion (other than the identity of the person requesting exclusion), shall not be

disclosed to any person other than Class Counsel, ViSalus' counsel, and this Court, or as otherwise provided in the Settlement Agreement.

### Final Fairness Hearing

32. This Court will have the Final Fairness Hearing no earlier than 100 days after the Preliminary Approval Date. Specifically, this Court will hold the Final Fairness Hearing in Courtroom 127 of the United States District Court for the Eastern District of Michigan, 600 Church Street, Flint, MI 48502 on October 1, 2019 at 10:00 a.m. At the Final Fairness Hearing, this Court will consider the Settlement, including the following:

   a. whether the Settlement Class should be finally certified for the entry of a final judgment;

   b. whether the Agreement is fair, reasonable and adequate;

   c. whether the claims should be dismissed with prejudice and final judgment entered in this matter;

   d. whether Named Plaintiff Eric J. Harris, Sr. should be granted an incentive award in the amount of $15,000.00;

   e. whether Class Counsel's motion for attorneys' fees and expenses should be granted, such fees and expenses not to exceed $115,000.

33. Class Counsel shall file with this Court a memoranda or other materials to support this Court's final approval of the Settlement no later than 85 days after

the Preliminary Approval Date. Class Counsel shall file their application(s) for attorneys' fees and expenses, and service award, with this Court no later than 65 days after the Preliminary Approval Date.

34. If finally approved, every term and provision of the Agreement (except as modified by the Final Approval Order) shall be deemed incorporated into the Final Order and Judgment and shall have the full force and effect of an Order of this Court.

**Service of Objections, Notices of Intent to Appear and Other Documents**

35. When this Order directs that papers, briefs, objections, notices and other documents be served upon Class Counsel and ViSalus' counsel, service shall be made to the attorneys listed below by the United States Mail, first class, addressed as follows:

*Class Counsel*

>Andrew Kochanowski
>Sommers Schwartz, P.C.
>One Towne Square, Suite 1700
>Southfield, MI 48076
>akochanowski@sommerspc.com

*Counsel for ViSalus*

>Edward A. Salanga
>Quarles & Brady LLP
>2 North Central Avenue
>Renaissance One
>Phoenix, AZ 85004
>Edward.Salanga@quarles.com

## Status of Litigation and Settlement

36. There shall be no discovery and other pretrial proceedings for the Settlement Class, pending Final Approval of the Class Settlement, except for such proceedings as provided for in the Agreement, or which may be necessary to implement the Settlement, the Agreement, or this Order.

37. Pending Final Approval, no Class Member, either directly, representatively, or in any other capacity (other than a Class Member who validly and timely elects to be excluded from the Settlement Class), shall commence, continue or prosecute against any or all Released Persons any action or proceeding in any court or tribunal asserting any of the matters, claims or causes of action that are to be released upon Final Approval under the Agreement, and are enjoined from so proceeding.

38. Upon Final Approval, all Class Members who do not file a timely notice of exclusion shall be forever enjoined and barred from asserting any of the matters, claims or causes of action released pursuant to the Agreement, and any such Settlement Class Member shall be deemed to have forever released the Released Persons from any and all such matters, claims and causes of action as provided for in the Agreement.

39. If the Agreement is terminated and the Settlement is not fully consummated, all proceedings had in connection therewith shall be null and void, without prejudice to the status quo rights of any party that existed before the Parties executed the Agreement.

40. Neither this Order nor the Agreement shall constitute any evidence or admission of liability by any Defendant, nor shall they be offered into evidence in this or any other proceeding except to consummate or enforce the Agreement or the terms of this Order.

. **IT IS SO ORDERED**.

/s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated: June 14, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 14, 2019, by electronic means and/or ordinary mail.

s/Holly A. Monda  
Case Manager  
(810) 341-9764