UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC J. HARRIS, SR., individually, and on
behalf of all others similarly situated, and
CAPRECE BYRD, BRYANT WATTS,
RENAE WHITE, LAURA HERL, DR.
FRANK McWHORTER, ERIC J. HARRIS,
SR. and CONNIE BATES, individually on
their own behalf,

    Plaintiffs,

  v.

VISALUS, INC., a corporation, et al.,

    Defendants

Case No. 4:17-cv-12626
Hon. Matthew F. Leitman

## PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, plaintiff Eric J. Class Representative Harris Sr., acting individually and on behalf of the Settlement Class, files this Unopposed Motion for Final Approval of Proposed Settlement preliminarily approved by this Court (the "Motion" to approve the "Settlement"). The Settlement resolves all individual and Class claims that were made, or could have been made, in Plaintiffs' Third Amended Complaint (Dkt. 67).

This Motion is filed pursuant to the schedule set by this Court in its June 14, 2019 Order Granting Preliminary Approval of Settlement, Dkt. 70, and as modified

on June 27, 2019, Dkt. 71, certifying this Settlement Class, appointing the Class Representatives, appointing Class Counsel, approving the notice to the Class, and setting the Final Fairness Hearing for October 1, 2019.  In support of this Motion, Plaintiffs rely upon the accompanying Memorandum of Law, and exhibits thereto.

Respectfully submitted:    September 9, 2019.

SOMMERS SCHWARTZ, P.C.

s/ Andrew Kochanowski
Andrew Kochanowski (P55117)
One Towne Square, Suite 1700
Southfield, MI 48076
(248) 355-0300
akochanowski@sommerspc.com

s/ Matthew J.M. Prebeg
PREBEG, FAUCETT & ABBOTT, PLLC
Matthew J.M. Prebeg
(TX Bar No: 00791465)
Brent T. Caldwell
(TX Bar No: 24056971)
Attorneys for Plaintiffs
8441 Gulf Freeway, Suite 307
Houston, TX 77017
(832) 743-9260
mprebeg@pfalawfirm.com
bcaldwell@pfalawfirm.com

s/ Mark R. Miller
WEXLER WALLACE LLP
Edward A. Wallace
(IL Reg. No. 6230475)
Mark R. Miller

2

(IL Reg. No. 6283542)
55 W. Monroe Street, Suite 3300
Chicago, IL 60603
(312) 589-6272
EAW@wexlerwallace.com
MRM@wexlerwallace.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ERIC J. HARRIS, SR., individually, and on behalf of all others similarly situated, and CAPRECE BYRD, BRYANT WATTS, RENAE WHITE, LAURA HERL, DR. FRANK McWHORTER, ERIC J. HARRIS, SR. and CONNIE BATES, individually on their own behalf, | Case No. 4:17-cv-12626 Hon. Matthew F. Leitman |
| Plaintiffs, | |
| v. | |
| VISALUS, INC., a corporation, et al. | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

# TABLE OF CONTENTS

ISSUE PRESENTED ................................................................................... ii

TABLE OF AUTHORITIES ........................................................................ iii

I.      INTRODUCTION ............................................................................ 1

II.     LEGAL STANDARD FOR FINAL APPROVAL ................................. 4

III.    SETTLEMENT TERMS ..................................................................... 4

IV.     THE SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE. ...... 8

    A.    SETTLEMENT WAS REACHED THROUGH ARM'S LENGTH NEGOTIATIONS
    WITHOUT FRAUD OR COLLUSION. ........................................................ 9

    B.    THE SETTLEMENT WILL PROVIDE PROMPT PAYMENT TO THE CLASS AND
    AVOID RISKS. ................................................................................... 10

    C.    SUBSTANTIAL DISCOVERY TAKEN IN THE RELATED *KERRIGAN* ACTION
    PROVIDED PLAINTIFFS WITH ACCESS TO SUFFICIENT INFORMATION TO REACH A
    SETTLEMENT. ................................................................................... 11

    E.    CLASS COUNSEL BELIEVE THAT THE SETTLEMENT IS REASONABLE. ......... 13

    F.    THE SETTLEMENT IS FAIR TO ABSENT CLASS MEMBERS. ........................ 13

    G.    THE PUBLIC INTEREST IS SERVED BY THE SETTLEMENT. ......................... 14

V.      THE NOTICE PLAN HAS BEEN ACCOMPLISHED ......................... 14

    A.    THE CLASS HAS RECEIVED NOTICE. ................................................... 14

    B.    NO OBJECTIONS WERE MADE TO THIS SETTLEMENT. ............................ 16

    C.    FEW CLASS MEMBERS OPTED OUT OF THE SETTLEMENT. ....................... 16

VI.     CONCLUSION ............................................................................. 17

CERTIFICATE OF SERVICE .................................................................... 19

## ISSUE PRESENTED

Whether this Court should grant final approval of the Settlement Agreement, settling this class action, which this Court preliminarily approved on June 14, 2019 (Dkt. 70)?

Answer:  Yes.

# TABLE OF AUTHORITIES

## Cases

*Dallas v. Alcatel-Lucent USA, Inc.*,
No. 09–14596, 2013 WL 2197624 (E.D. Mich. May 20, 2013) ..........................10

*In re Cardizem CD Antitrust Litig.*,
218 F.R.D. 508 (E.D. Mich. 2003)............................................................. 4, 9, 14

*In re Delphia Corp. Sec., Derivative & "ERISA" Litig.*,
248 F.R.D. 483 (E.D. Mich. 2008)..............................................................10

*In re Southern Ohio Correctional Facility*,
173 F.R.D. 205 (S.D. Ohio 1997) ...........................................................5

*In re Telectronics Pacing Sys, Inc.*,
137 F. Supp. 2d 985 (S.D. Ohio 2001)......................................................10

*IUE-CWA v. Gen'l Motors Corp.*,
238 F.R.D. 583 (E.D. Mich. 2006) ......................................................... 4, 10, 13

*Kerrigan, et al., v. ViSalus, Inc., et al.*,
E.D. Mich. Case No. 2:14-cv-12693 ......................................................... 2, 3, 5

*Mullane v. Cent. Hanover Bank & Trust Co.*,
339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950) ................................................15

*Pelzer v. Vassalle*,
655 Fed. Appx. 352 (6th Cir. 2016) ....................................................14

*UAW v. General Motors Corp.*,
497 F.3d 615 (6th Cir. 2007)...................................................... 4, 12, 13

*Williams v. Vukovich*,
720 F.2d 909 (6th Cir. 1983)...............................................................5

///

iii

**Statutes**

MCL 451.2501-2502, MCL 451.2509(2), (4) ..........................................................1

Sections 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934 (15 U.S.C. § 78j(b); 17 C.F.R. § 240.10b-5) ............................................................1

Sections 12(1) and (2) of the 1934 Exchange Act (15 U.S.C. §§ 78a, *et seq*.); ........1

**Rules**

Fed. R. Civ. P. 23 ...............................................................................1, 15

This brief is submitted in support of final approval of a class action Settlement between Plaintiffs and Defendants to settle all individual and Class claims that have, or could have, been made in Plaintiffs' Third Amended Complaint (Dkt. 67).

This Settlement satisfies Fed. R. Civ. P. 23 and is fair, reasonable, and adequate.  Therefore, the Class Representative requests that this Court grant final approval of this class action Settlement.

## I.    INTRODUCTION

This class action lawsuit was initially filed on August 10, 2017 (Dkt. 1) by six (6) individual plaintiffs, alleging eight counts, initially against eight separate defendants, and eventually against ten defendants, complaining of securities fraud violations by a nutritional product multi-level marketing company, ViSalus, Inc., relating to a March to Equity investment promotion, delivered in connection with a Founders Equity Incentive Plan ("FEIP") offered to certain Independent Promoters ("IPs") of ViSalus.  These counts included Sections 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934; Sections 12(1) and (2) of the 1934 Exchange Act (15 U.S.C. §§ 78a, *et seq*.); Sections 501, 502, 509 (2) and (4-7) of the Michigan Uniform Securities Act, MCL. 451.2501-2502, MCL 451.2509(2), (4); statutory conversion;, and for declaratory and injunctive relief.  This action is factually related to a co-pending case against a larger group of defendants, including ViSalus, in

1

*Kerrigan, et al., v. ViSalus, Inc., et al.*, Case No. 2:14-cv-12693 (the "*Kerrigan* Action")

Before filing this case, plaintiffs conducted months of detailed investigation and discovery into the FEIP, any value that could be assigned to the equity allegedly offered through the FEIP, the manner in which the FEIP was promoted, and whether the putative Class Members ever actually received equity in ViSalus. Many of the facts available to plaintiffs, and necessary to achieve and evaluate this Settlement, were also discovered through additional independent research and extensive written discovery, and depositions, in the *Kerrigan* Action.

The instant case was aggressively pursued by the plaintiffs and Class Representative for almost two years, against vigorous defenses that included two motions to dismiss on various points of fact and law (Dkts. 39 and 57). The plaintiffs responded to these motions (Dkts. 42, 52, and 58), and amended their complaint on three separate occasions.

The Parties engaged in arms-length settlement negotiations conducted with the assistance of a mediator, Mr. Thomas G. McNeill. These sessions included three full-day mediation sessions, conducted concurrent with settlement negotiations in the *Kerrigan* Action. The first two sessions were held in Detroit, Michigan in 2017 and 2018, and the third session was held in New York, New York in October 2018. The parties have also engaged in multiple telephonic discussions with the mediator

and counsel for the parties and their insurers in 2018 and 2019.  Named Plaintiff Eric

J. Harris, Sr. has acted as a putative Class Representative since September 29, 2017.

Dkt. 30.  Through the lengthy mediation and settlement discussions, the parties

reached consensus that settlement was best reached, and plaintiffs agreed the

interests of the Class were best served, by amending the complaint to allow Mr.

Harris to act as the sole Class Representative.  Therefore, a Third Amended

Complaint was filed on April 16, 2019, with Mr. Harris as the putative Class

Representative.  Dkt. 67.  This Court appointed Mr. Harris as the sole Class

Representative on June 14, 2019.  Dkt. 70.

After extensive review of the relevant documents and information obtained

through months of extensive independent investigations, the discovery products

from the *Kerrigan* Action that were not designated confidential, the prevailing law,

the risks presented by continuing litigation, and after three full-day mediations, the

Class Representative concluded that this Settlement, the terms of which are set out

in the written Settlement Agreement, Dkts. 68-2 and 69-1, is best for the Class, and

Defendants have agreed to the terms.

The Court considered and gave preliminary approval to the Settlement

Agreement on June 14, 2019.  Dkt. 70.  By its Order Granting Preliminary Approval

of Settlement, Dkt. 70, the Court also certified the settlement Class, approved the

notice plan for the Class, appointed a Class Representative, appointed Class Counsel,

approved the notice plan for the Class, and set the Final Fairness Hearing for October 1, 2019. The notice plan approved by the Court has been accomplished and all prerequisites for final approval have been met.

## II. LEGAL STANDARD FOR FINAL APPROVAL

"[T]here is a strong public interest in encouraging settlement of complex litigation and class action suits because they are notoriously difficult and unpredictable and settlement conserves judicial resources." *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 532 (E.D. Mich. 2003). The law favors the voluntary settlement of class action litigation, and when considering approval, "the court evaluates the proposed class action settlement 'in light of the general federal policy favoring the settlement of class actions.'" *IUE-CWA v. Gen. Motors Corp.*, 238 F.R.D. 583, 593 (E.D. Mich. 2006) (*quoting UAW v. GM,* 2006 WL 891151, at *12). After the Court grants preliminary approval, "the settlement is presumptively reasonable, and an individual who objects has a heavy burden of proving the settlement is unreasonable." *In re Southern Ohio Correctional Facility*, 173 F.R.D. 205, 211 (S.D. Ohio 1997); *See also Williams v. Vukovich*, 720 F.2d 909, 921 (6th Cir. 1983).

## III. SETTLEMENT TERMS

The parties have agreed to a settlement structure that provides the Settlement Class Members who have not previously released claims against Defendants with

4

two settlement options. Settlement Class Members who are eligible to choose a cash payment option (the "Cash Option"), may choose the Cash Option or a Benefits Option. By default, if a Settlement Class Member is not eligible for a Cash Option, or does not choose the Cash Option, the Settlement Class Member will automatically be awarded the Benefits Option.

Pursuant to the Settlement Agreement, the Settlement Class is defined as:

> All U.S. Independent Promotors of ViSalus, Inc. who qualified for units between January 1, 2015 through March 1, 2017 in the Founders' Equity Incentive Plan.

Excluded from the Settlement Class, even if they meet the criteria above, are (i) Defendants, and any IPs owned, controlled or otherwise affiliated with any defendant other than merely by the IP's status as an IP; (ii) IPs who are named defendants, or who are owned, controlled, or otherwise affiliated with named defendants in the *Kerrigan* Action other than merely the IP's status as an IP; (iii) the presiding judge(s) and his or her (or their) immediate family; (iv) any individual who elects to be excluded from the Settlement Class; and (v) any person who has previously released claims against defendants or whose claims have been fully and finally adjudicated by a court with jurisdiction over the claims.

As described in greater detail in the Settlement Agreement, Settlement Class Members who, for the first time, reached the rank of National Director or higher during the time period that the FEIP was offered (January 1, 2015 through March 1,

5

2017) are eligible to elect a Cash Option. Each Settlement Class Member who is eligible for the Cash Option and timely elects to receive the Cash Option will receive a cash payment of either $1,500 or $4,000, depending on the IP rank the Settlement Class Member reached for the first time during the time period the FEIP was offered,[1] subject to possible reduction depending on the number of Settlement Class Members choosing the Cash Option and the amount of the incentive awarded to the Named Plaintiff. The maximum amount to be paid out under the Cash Option, plus any incentive award, is $285,000. Settlement Class Members who elect the Cash Option will forfeit all rights to receive or own Units (of equity) under the FEIP, shall also be terminated as IPs, and will no longer be eligible to receive benefits as IPs.

Settlement Class Members who are not eligible for a Cash Option or those who are eligible but do not elect to receive a Cash Payment will retain all rights to receive or own Units under the FEIP, and will also automatically receive the following benefits (besides any other benefits to which he or she may be entitled as an IP):

a.     25% Commission Rate on all sales (both first time sales and subsequent sales) made to customers who purchase product from ViSalus for

---

[1] Settlement Class Members who, for the first time during the FEIP offering reached the rank of National Director, Executive Director or Presidential Director have the option of electing a cash payment of $1,500. Settlement Class Members who reached the rank of Ambassador or higher for the first time during the FEIP offering have the option of electing a cash payment of $4,000.

the first time after the Effective Date (*i.e.*, new customers) for one (1) year

from the Effective Date;

b.      Free re-enrollment as an IP on the Basic enrollment track (no

purchase necessary) for one (1) year from the Effective Date;

c.      Free event registration for one (1) event, if any are held within

one (1) year from the Effective Date, and if none are held within one (1) year,

then free event registration for the next held event, if held within eighteen (18)

months from the Effective Date; and

d.      Free Vi-Net Pro Subscription for:

(i)      one (1) year from the Effective Date for all Settlement Class

Members who choose the free re-enrollment listed in Section (b) above and

who previously paid for Vi-Net Pro; or

(ii)     six (6) months from the Effective Date for all Settlement Class

Members who choose the free re-enrollment listed in Section (b) above and

who did not previously pay for Vi-Net Pro.

Under the terms of the Settlement Agreement, Class Counsel sought an

incentive awards for the Class Representative in the amount of $15,000 in

recognition of the amount of time and effort he expended in acting as Representative

of the Settlement Class.  Defendants have did not oppose this request for an incentive

award.  ViSalus has also agreed to pay this incentive award, up to the stated amount. *See* Dkt. 68.

Also, under the terms of the Settlement Agreement, Class Counsel filed an application for an award of attorneys' fees and costs of one hundred fifteen thousand dollars ($115,000), Dkt. 72.  Defendants did not oppose such a request, and any award approved by the Court (up to $115,000) will be paid by ViSalus out of funds that are separate from and in addition to the payment of the Settlement amounts available to the eligible members of the Settlement Class.

The Settlement provides there will be a release of claims such that all Settlement Class Members who do not file a timely notice of exclusion shall be forever enjoined and barred from asserting any of the matters, claims or causes of action released pursuant to the Settlement Agreement, and any such Settlement Class Member shall be deemed to have forever released the Released Persons from any and all such matters, claims and causes of action as provided for in the Settlement Agreement.  That Settlement Agreement also resolved the claims of the individual plaintiffs through individual payments and releases.  *See* Dkt. 68-2.

## IV.    THE SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE.

To assess the fairness, adequacy and reasonableness of a class action settlement, the Court considers the following factors:

(a) the likelihood of success on the merits weighed against the amount and form of the relief offered in the settlement;

(b) the risks, expense, and delay of further litigation;

(c) the judgment of experienced counsel who have competently evaluated the strength of their proofs;

(d) the amount of discovery completed and the character of the evidence uncovered;

(e) whether the settlement is fair to the unnamed class members;

(f) objections raised by class members;

(g) whether the settlement is the product of arm's length negotiations as opposed to collusive bargaining; and

(h) whether the settlement is consistent with the public interest.

*Sheick v Auto Component Carrier, LLC*, No. 09-14429, 2010 WL 3070130, at *11 (E.D. Mich., Aug. 2, 2010) (citing *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 522 (E.D. Mich.2003)).

Given the circumstances surrounding the Class Members' enrollment in the ViSalus IP program, the prevailing law, the risks and challenges associated with securing a finding of liability, and the length of time necessary for executing on any final judgment, this is a fair and reasonable settlement under any standard.

### A. SETTLEMENT WAS REACHED THROUGH ARM'S LENGTH NEGOTIATIONS WITHOUT FRAUD OR COLLUSION.

9

Courts presume the absence of fraud or collusion in class action settlements unless there is evidence to the contrary.  *IUE-CWA v. Gen'l Motors Corp.*, 238 F.R.D. 583, 598 (E.D. Mich. 2006).  Courts also consider whether the settlement was reached with the assistance of a mediator.  *See, e.g.*, *Dallas v. Alcatel-Lucent USA, Inc.*, No. 09–14596, 2013 WL 2197624, at *8-9 (E.D. Mich. May 20, 2013). This Settlement was reached after three separate full-day mediations with a highly qualified mediator, Thomas G. McNeill, while the parties continued to zealously litigate their claims and defenses.

## B. THE SETTLEMENT WILL PROVIDE PROMPT PAYMENT TO THE CLASS AND AVOID RISKS.

"[M]ost class actions are inherently complex and settlement avoids the costs, delays, and multitude of other problems associated with them." *In re Telectronics Pacing Sys, Inc.*, 137 F. Supp. 2d 985, 1013 (S.D. Ohio 2001).  Courts view class action settlements favorably because they avoid the costs, delays, and other problems inherently associated with class actions.  *In re Delphia Corp. Sec., Derivative & "ERISA" Litig.,* 248 F.R.D. 483, 497 (E.D. Mich. 2008).  The Settlement of this case spares the parties and Settlement Class Members the time, costs, and risks associated with pursuing this case through trial and appeal.

The Court has not yet decided if a contested request for class certification would be granted.  At the time this Settlement was reached, Defendants' second

motion to dismiss (Dkt. 57) was still pending (although it was withdrawn pending efforts to finalize this Settlement) and significant discovery was necessary, including expert reporting and discovery.

The Court has resolved some of the legal issues raised by defendants, but there are still numerous hurdles in this case – hurdles that could take years to get over. The Court did not decide whether it would grant plaintiffs' request for a contested certification.  Even if they were to win on that issue, Plaintiffs would still need to prove the elements of their causes of action, overcome the various defenses on the merits raised by multiple Defendants, and prevail at trial.  And regardless of whether the Named Plaintiff had won his bid for class certification, and then prevailed at trial, he faced the possibility of an interlocutory appeal of the certification order and an eventual appeal of a final judgment.  The Named Plaintiff and Class Counsel have also considered the risks associated with attempting to collect on any judgment obtained through trial, and affirmed on appeal. These risks were real, and the resources and costs to overcome them were significant.

### C. SUBSTANTIAL DISCOVERY TAKEN IN THE RELATED *KERRIGAN* ACTION PROVIDED PLAINTIFFS WITH ACCESS TO SUFFICIENT INFORMATION TO REACH A SETTLEMENT.

As stated above, the parties exchanged extensive information in this action, conducted extensive discovery in the related *Kerrigan* Action, and the Class

11

Representative and Plaintiffs made exhaustive searches of publicly and privately available information in order to gain the information and documents necessary to make an informed decision to reach this Settlement.  The Class Representative has the necessary and sufficient information to reach this Settlement.

### D. SUCCESS ON THE MERITS IS NOT GUARANTEED.

The Class Representative was confident his putative class action would be certified, and that he would win on the merits of his claims.  However, prevailing before this Court, and potentially on appeal, on each of the questions of certification, liability, and damages is far from guaranteed.  The Court has not yet considered a contested motion for class certification, at the time this Settlement was reached, one of defendants' dispositive motions was pending, and this case had not yet been set for trial.

"The fairness of each [class action] settlement turns in large part on the bona fides of the parties' legal dispute." *UAW v. General Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007).  This inquiry does not require the Court to decide the merits of the case or resolve unsettled legal questions, but to judge the fairness of the compromise, the Court must weigh the plaintiffs' likelihood of success on the merits.  *Id.*  The Court must resolve "whether the parties are using settlement to resolve a legitimate legal and factual disagreement."  *Id.* at 632.

Because of the uncertainties associated with this class action lawsuit, success on the merits is not guaranteed for any party, and this Settlement resolves legitimate legal and factual disagreements.

### E.  Class Counsel Believe That the Settlement Is Reasonable.

The Class Counsel are experienced complex litigation and class action litigators, who fully appreciate the complexity of Plaintiff's claims, the risks associated with a trial on the merits and eventual appeal, and the obstacles commonly blocking plaintiffs from timely collecting on a judgment.  Class Counsel fully appreciate the value of this Settlement to the Class.

Courts give substantial weight to the experience of the attorneys who prosecuted the case and negotiated the settlement. *IUE-CWA*, 238 F.R.D. at 597. The Class Counsel have considered the risks associated with not settling, and the value of this Settlement to the Class Members, and believe this Settlement is reasonable.

### F.  The Settlement is Fair to Absent Class Members.

Each Class Member that does not opt-out of this Settlement may either remain a FEIP participant and also continue to operate as a ViSalus IP, but with a package of benefits that provide substantial economic opportunities to the IP, or, if they are eligible for the Cash Option, may choose to receive either approximately $1,500 or $4,000  of the funds they paid to ViSalus to qualify for the FEIP units *and* for

ViSalus product they could use or sell (depending upon the highest IP rank that the IP achieved while qualifying for FEIP units during the period the FEIP was offered). Those Class Members choosing the Cash Option are not required by this Agreement to return any of the ViSalus products they may have received in exchange for the funds they paid ViSalus. This is a substantial recovery for the Class Members. The Settlement is fair and does not improperly favor the class representatives over the interests of the Class Members. *Cf. Pelzer v. Vassalle*, 655 Fed. Appx. 352 (6th Cir. 2016).

### G. THE PUBLIC INTEREST IS SERVED BY THE SETTLEMENT.

Through this Settlement, each Class Member receives a substantial benefit. The Settlement will preserve significant judicial resources by avoiding the time and funds necessary to conduct and resolve a class certification hearing, a trial on the merits, and the many additional motions by the parties before trial. "[T]here is a strong public interest in encouraging settlement of complex litigation and class action suits because they are notoriously difficult and unpredictable and settlement conserves judicial resources." *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 532 (E.D. Mich. 2003).

## V.   THE NOTICE PLAN HAS BEEN ACCOMPLISHED

### A. THE CLASS HAS RECEIVED NOTICE.

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice

14

> reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections . . . The notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance.

*Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Rule 23(c)(2)(B) requires that "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Here, the notice provisions ("Notice Plan") in the Settlement Agreement, approved by this Court, fulfilled this standard. The notice and related claim election form, Dkts. 68-3, 68-4, 68-5, and 68-6, clearly and unambiguously described the nature of the claims at issue in this class action, the effects of settlement on the Class Members, and options available to the Class Members.

This Court appointed Epiq Class Action & Claims Solutions as the Settlement Administrator to accomplish the Notice Plan, including sending notice to the Class Members and processing Class Member elections, opt-outs, and any objections. The Settlement Administrator also maintained, and still maintains, both a toll-free number and a settlement website by which the Settlement notice and important documents filed in this case are and have been available for public inspection.

As of the date of filing this Motion, the Settlement Administrator has identified 391 Class Members, and has accomplished notice to the vast majority of

15

the Class Members.  The last report by the Settlement Administrator indicates that as of August 30, 2019, the Administrator reported no undelivered notices.  *See* Exhibit 1, Report attached to Declaration of Andrew Kochanowski.

Pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S. C. § 1715, on May 31, 2019 the Settlement Administrator sent ninety-nine (99) CAFA notice packages concerning this Class Action Settlement to officials throughout the United States, which included the Attorney General of the United States, the Attorneys General of each of the 50 states, the District of Columbia and Puerto Rico, and securities regulators for the 50 states (excluding Alaska, Delaware, Idaho, North Dakota, Rhode Island, and South Dakota).  The notice packages included the Complaints in this action, the Motion for Preliminary Approval of Settlement, the Class Action Settlement Agreement, and other related documents. *See* Exhibit 2, Declaration of Stephanie J. Fiereck, and exhibits attached thereto.

### B.  NO OBJECTIONS WERE MADE TO THIS SETTLEMENT.

As of August 30, 2019, according to the report of the Settlement Administrator, no person or entity has timely objected to this Settlement, or any aspect of this Settlement.  *See* Exhibit 1.

### C.  FEW CLASS MEMBERS OPTED OUT OF THE SETTLEMENT.

As of August 30, 2019, according to the report of the Settlement Administrator (Exhibit 1), of the approximately 391 Class Members, only two (2)

have timely submitted an election to opt-out of the settlement. The Class Members

opting out of this class action Settlement are:

| Individual or Entity | Independent Promoter No. |
|---|---|
| Catherine Strobbe, O'Fallon, MO | 3563940 |
| Lisa Nicholson, Knoxville, TN | 3545593 |

## VI.   CONCLUSION

The Class Representative believes that this Settlement is in the best interests

of the Class and meets the requirements for final approval. Therefore, for the

reasons set forth herein, he respectfully asks the Court for final approval of this

Settlement.

Respectfully submitted:  September 9, 2019,

SOMMERS SCHWARTZ, P.C.

s/ Andrew Kochanowski
Andrew Kochanowski (P55117)
Jason J. Thompson (P47184)
Attorneys for Plaintiffs
One Towne Square, Suite 1700
Southfield, MI 48076
(248) 355-0300
akochanowski@sommerspc.com
jthompson@sommerspc.com

PREBEG, FAUCETT & ABBOTT, PLLC
Matthew J.M. Prebeg
(TX Bar No: 00791465)
Brent T. Caldwell

17

(TX Bar No: 24056971)
Attorneys for Plaintiffs
8441 Gulf Freeway, Suite 307
Houston, TX 77017
(832) 743-9260
mprebeg@pfalawfirm.com
bcaldwell@pfalawfirm.com

WEXLER WALLACE LLP
Edward A. Wallace (IL Reg. No. 6230475)
Mark R. Miller (IL Reg. No. 6283542)
Attorneys for Plaintiffs
55 W. Monroe Street, Suite 3300
Chicago, IL 60603
(312) 589-6272
mrm@wexlerwallace.com
EAW@wexlerwallace.com

18

## CERTIFICATE OF SERVICE

I certify that on September 9, 2019, I caused the forgoing paper to be filed with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record on the ECF Service List.

s/ Andrew Kochanowski
Andrew Kochanowski (P55117)
Sommers Schwartz, P.C.
One Towne Square, Suite 1700
Southfield, MI 48076
(248) 355-0300
akochanowski@sommerspc.com

19